PER CURIAM.
This case arose out of facts relating to the severance of membership ties between American Farm Bureau Federation and the Alabama Farm Bureau Federation. Elgin, a member of the Alabama Farm Bureau, sued defendants for damages under various contract and tort theories, and also sought declaratory and injunctive relief. Plaintiff sought and was denied class .certification of all the members of Alabama Farm Bureau. All of the counts in the complaint were disposed of before trial unfavorably to plaintiff, either by the granting of motions to dismiss for failure to state a claim upon which relief could be granted, or motions for summary judgment. In plaintiff’s assertions of error, we are called upon to decide questions of law concerning certification of a class pursuant to A.R.C.P. 23, and the propriety of the trial court’s disposition of plaintiff’s claims.
More particularly, we must ascertain: (1) whether plaintiff is entitled to recover under any theory of the case or any applicable set of facts on the counts upon which defendants’ A.R.C.P. 12(b)(6) motion was granted, when the allegations in the complaint are construed in a light most favorable to plaintiff, with doubt being resolved in plaintiff’s favor (Pruitt v. Pruitt, 343 So.2d 495 [Ala.1977]); and (2) whether there is any genuine issue of material fact and the defendants are entitled to judgment as a matter of law on the counts upon which defendants’ summary judgment motions were granted (Ancora v. Miller Oil Purchasing Co., 361 So.2d 1008 [Ala.1978]). Because of our holding that plaintiff has no triable claim against the defendants, we need not address the class certification issues presented.
Resolution of the issues before us requires a proper understanding of the structure of and relationship between the Alabama Farm Bureau Federation and the American Farm Bureau Federation. The Alabama Farm Bureau is a voluntary membership organization, structured as a nonprofit corporation, composed of 238,000 *1153 members residing throughout the state who share a common interest in agriculture and the welfare of farmers. The Alabama Farm Bureau is a federation with its constituent elements consisting of County Farm Bureau organizations located in all counties. Each member joins a local County Farm Bureau and by virtue of this membership becomes an affiliated member of the Alabama Farm Bureau. Similarly, the Alabama Farm Bureau was a member of the American Farm Bureau Federation, which, in turn, recognized each person as an “associate” member of the national organization by virtue of his or her relationship to the state organization.
The conduct of the affairs of Alabama Farm Bureau is regulated by bylaws which, among other things, define the scope of authority vested in officers and directors. The bylaws vest ultimate policy-making authority with the House of Voting Delegates, which consists of 500 active farmer members apportioned on a pro rata basis. These delegates may be called to special meetings. The bylaws require that notice of the meeting be given to delegate members, advising them of “the object of the meeting and the subject to be considered.” At meetings of the House of Voting Delegates,, resolutions setting forth policy of the Alabama Farm Bureau cannot be considered unless the resolutions have been “considered and acted upon by the committee on resolutions.”
The relationship between the Alabama Farm Bureau and the American Farm Bureau is defined in two instruments: (1) a Membership Memorandum of Agreement, and (2) the bylaws of the American Farm Bureau Federation. The Membership Memorandum of Agreement provides for automatic annual renewal of its terms unless cancelled in writing by either party at least 30 days prior to the 30th day of November of the respective year. The bylaws provide that members are granted the prerogative of withdrawal from the American Farm Bureau by presentation to the secretary of “a written resignation, provided that all dues are paid to the date of withdrawal.”
With the foregoing structure and relationship of the organizations in mind, we now turn to the undisputed facts in the case at bar. Alabama Farm Bureau had been a member of the American Farm Bureau for many years, just as Elgin had been a longtime participating member in the Alabama Farm Bureau. For several years prior to withdrawal from the national organization, which occurred in early 1981, a dispute had existed between the two organizations over certain requirements in the Memorandum of Agreement regarding the sale of insurance outside the territorial limits of Alabama. On at least one occasion, the national organization had threatened to suspend the membership privileges of the state organization. In response to this threat, Alabama Farm Bureau asserted that it would continue to exercise all rights of membership, including participation and seating of its delegates at the January 1981 convention. When efforts to resolve the dispute at a caucus during the convention failed, defendant Myrick, President of the Alabama Farm Bureau, submitted a letter of resignation to appropriate officers of the American Farm Bureau. (There was some dispute as to the extent, if any, of prior approval of this withdrawal by the Board of Directors of Alabama Farm Bureau.) The resignation was formally accepted by the national organization by letter on January 23, 1981.
On February 18, 1981, the House of Voting Delegates met in special session at the request of President Myrick. The delegates were informed by a notice mailed to them that the purpose of the meeting was to consider necessary amendments to the bylaws of the Alabama Farm Bureau, in order to provide for the disposition of that portion of the membership dues previously designated for payment to the American Farm Bureau. The notice further advised that other administrative details relating to the withdrawal would be considered. The meeting was held without any prior meeting of the resolutions committee.
During the special session, the Bylaws Committee submitted a resolution to amend the bylaws in order to provide that the *1154 $2.50 portion of the $19.00 annual membership dues, previously allocated to the national organization, be retained by the state organization for national services. The resolution passed without a dissenting vote, although Mr. Elgin was present and abstained from voting.
The following motion was then made to ratify the withdrawal from the national organization:
“BE IT RESOLVED, that the voting delegates endorse the actions of the Board of Directors in withdrawing the membership of Alabama Farm Bureau Federation from the American Farm Bureau Federation and that the Board of Directors continue to exert every effort to reunite with the national organization at such time as the problems are worked out.”
This motion also carried without a dissenting vote, with Mr. Elgin again abstaining. Previously, 52 of 55 county presidents attending a presidents’ meeting had voted to ratify the withdrawal.
Plaintiff asserts that defendants, in soliciting the membership of himself and others in 1980 and 1981, represented that he and others would be members of the American Farm Bureau and would receive all benefits of membership in the national organization upon payment of dues. Plaintiff states his dues were paid based on this representation, and contends Alabama Farm Bureau breached the contract resulting from his dues payment by withdrawing its membership in the national organization in violation of its charter and bylaws. He further alleges that there was a plan, existing at the time the representations were made to Elgin and the other members, to withdraw; further, that defendants Myriek and Dorrill conspired with others to intentionally interfere with the contractual relationship which existed between the two Farm Bureau organizations to the detriment of the members.
Although Elgin’s complaint asserts numerous legal theories seeking various types of relief including compensatory and punitive damages, injunctive relief, and a request for an accounting, the subject matter of his assertions could be categorized thusly: (1) claims surrounding the decision to withdraw couched in terms of declaratory judgment, breach of contract, fraud and conspiracy; and (2) claims of fraud, mismanagement and wrongdoing by the Alabama Farm Bureau and other defendants. The main inquiry in determining the legal merit of these claims is whether the activities surrounding the withdrawal are subject to attack.
Even if the directors had no authority to make the decision to withdraw, and President Myriek acted improperly, the withdrawal decision was ratified by the resolutions passed in the February special meeting of the House of Voting Delegates. This ratification cured any prior defects in the withdrawal action.
Plaintiff argues, however, that this resolution could not constitute a formal ratification of the withdrawal because the resolution does not use the word “ratify” and because the resolution was not offered by the Resolutions Committee as required by the bylaws. These arguments are without merit for the following reasons.
The absence of the word “ratify” does not lessen the intent of the resolution, which is clearly expressed as being an approval of the directors’ conduct. Ratification can be shown by acts or conduct signifying assent or acquiescence to the acts under scrutiny without the necessity for using formalized words such as “ratify.” The actions of the delegates clearly evidence the necessary intent.
The fact that this resolution was not tendered to the delegate body by the Resolutions Committee in accordance with the bylaws provision does not render the resolution a nullity. A bylaw provision which is for the benefit of the members of the House of Voting Delegates can be waived by them, expressly or impliedly. 19 Am. Jur.2d, Corporations, § 173 (1965). As stated in Nelson v. Hubbard, 96 Ala. 238, 252, 11 So. 428, 433 (1891), “the persons for whose protection the formalities are pre *1155 scribed may waive a compliance therewith.” Plaintiff cannot prevail in his attempt to undo a ratified act merely because of technical noncompliance with the rules set up to achieve such act.
Elgin argues that he was a third-party beneficiary of the contract entered into between the Alabama Farm Bureau and the national organization, and that this contract was breached by the withdrawal action. Elgin also argues that a contract existed between himself and the Alabama Farm Bureau. If the withdrawal action was permissible and valid, then these claims are unavailing. Because we find that the bylaws of the American Farm Bureau allowed immediate withdrawal, and that the national organization accepted the withdrawal, we hold that Elgin had no meritorious contractual theory of recovery.
Having reviewed the evidence and arguments of the respective parties, we hold that the trial court acted properly in its disposition of plaintiff’s claims. The judgment is therefore due to be, and hereby is, affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES, EM-BRY and ADAMS, JJ., concur.