Plaintiff appeals from a summary judgment granted in favor of the defendant in a case claiming damages for the alleged wrongful discharge of plaintiff. We affirm.
The Etowah Quality of Life Council is a non-profit, federally funded corporation which operates low-cost medical clinics in Etowah County, Alabama. The plaintiff was hired as the project director of the organization in September 1978. He served in that capacity until December *Page 1076 
1981, when his employment was terminated by the board of directors.
In his deposition and in the affidavits filed in opposition to the defendant's motion for summary judgment, the plaintiff stated that the only oral term of his employment contract with the Etowah Quality of Life Council was his starting salary. The other terms and conditions of his employment were set out in a policy and procedure manual written and published by the board of directors. Both sides agree that the manual is at least some evidence of what the parties intended in the formation of this employment contract. In United Steelworkers of America, AFL-CIOv. University of Alabama, 599 F.2d 56 (5th Cir. 1979), the circuit court held that an employee handbook may be considered a contract for employment, depending upon the language contained therein. In United Steelworkers, the terminated employees claimed that they had been wrongfully discharged in violation of their due process rights. Both sides relied on a personnel handbook to support their positions. In reviewing the case, the court stated that it would not "dissect an employee handbook and then examine only one slide under judicial microscope." The court said, "Rather, we must read the handbook in its entirety to glean the expectations of the parties." 599 F.2d at 60. It is that sort of review which we have undertaken in this case. In reviewing this manual, neither the trial court nor this Court found any language establishing a definite period of employment for the plaintiff.
For the first time, on a motion to reconsider the order granting summary judgment for the defendant, the plaintiff offered an affidavit and an amendment to his complaint, in which he asserted that he was told at the time he was hired that his employment was for a fixed term. The term was alleged to be from September to September, renewable automatically upon a favorable annual evaluation by the board of directors. The plaintiff offered no explanation for not having made these assertions in opposition to the motion for summary judgment. He now contends, however, that this affidavit provides the scintilla of evidence necessary to overturn the summary judgment granted for the defendant. In Mathis v. Jim SkinnerFord, Inc., 361 So.2d 113 (Ala. 1978), this Court held that on review of a summary judgment, we consider only those facts which were before the trial judge at the time of the hearing:
 "The propriety of granting motions for summary judgment must be tested by reviewing what the trial court had before it when it granted the motion. Here it had only the pleadings and the deposition of the plaintiff which established the absence of an issue of fact as to the claims asserted. It was, therefore, incumbent upon the plaintiff, on rehearing, to show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment. Absent that, the trial court did not abuse its discretion in refusing to set aside the summary judgment. Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla.App. 1977); Rule 56 (e), ARCP."
361 So.2d at 116. In the instant case, a pre-trial order revealed the defendant's contention that the plaintiff was an employee at will. Given the Alabama case law regarding employment at will, it was necessary that the plaintiff, at the time of the hearing on the matter, provide proof of the period for which he was to be employed or allege facts which would bring him within some exception to the employment-at-will rule. He did neither.
The plaintiff also argues that the termination of his employment by the board of directors did not comply with the procedures outlined in the manual. The original motion to dismiss the plaintiff from his employment was considered and passed at the meeting of the board of directors held on December 14, 1981. There were eight directors present, and the motion passed with a vote of seven in favor and one abstention. At that time, the plaintiff was presented with several *Page 1077 
termination options and was given an opportunity to respond before the board members who were present. The plaintiff refused to accept any of the offers. At the board meeting held on January 22, 1982, a motion was made to reaffirm the termination of the plaintiff's employment. There were ten board members present, and the motion carried unanimously. The plaintiff contends that this vote was not effective to cure the prior defects in the procedure followed to dismiss him. We do not agree. In Elgin v. Alabama Farm Bureau Federation,431 So.2d 1151 (Ala. 1983), the plaintiff, a member of the Alabama Farm Bureau Federation, argued that a resignation tendered to the American Farm Bureau Federation for the Alabama organization by the Alabama president without a vote of the delegates was not valid. The president later called a special meeting of the delegates of the Alabama Farm Bureau Federation, at which the resignation was endorsed. In striking the plaintiff's challenge, we held that the ratification cured any defects in the previous resignation.
Because, under the undisputed facts before the court at the time it ruled on the motion for summary judgment, the plaintiff was an employee at will and the termination of his employment was properly ratified by a majority of the board of directors, the judgment is affirmed.
AFFIRMED.
MADDOX, FAULKNER, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
JONES, J., concurs in the result.
TORBERT, C.J., and ALMON, J., not sitting.