In February 1975, Miller Oil (a Mississippi corporation) (hereinafter Miller), initiated this litigation against (a) Ancora-Citronelle Corporation (hereinafter Ancora-Citronelle), (b) Ancora Corporation (hereinafter Ancora), and (c) numerous other parties who were sued collectively as a defendant and who owned an overriding royalty interest in certain wells situated in the East Citronelle Unit of the Citronelle Oil Field in Mobile County (hereinafter referred to as Royalty Owners).
Miller, in its complaint, sought a declaratory judgment of its right to recover from one of the three defendants identified above, monetary damages in the approximate amount of $83,000, representing an alleged overpayment for oil purchased by it from Ancora-Citronelle, as unit manager of the East Citronelle Unit, which had appropriated the oil from the wells in which Ancora and the Royalty Owners owned an interest in the East Citronelle Unit. Miller alleged, alternatively, different theories of relief which in its opinion authorized recovery against one of the defendants.
In support of its legal position that Ancora-Citronelle was liable for such overpayment, Miller alleged that Title 26, Section 179 (72)(g) of the Code of Alabama (Recomp. 1958), now Title 9-17-83 (7) of the Code of Alabama of 1975 (hereinafter sometimes referred to as the appropriation statute), which requires the State Oil and Gas Board of Alabama (hereinafter referred to as Board) in approving any unitization of oil and gas properties to include within its order a provision for appropriation of oil without prior notice or opportunity to be heard, was unconstitutional as being in violation of due process of law and that Ancora-Citronelle, as the party who ordered the unlawful appropriation, was responsible to Miller. *Page 1010 
In the event the statute was found to be constitutional, Miller alleged that Ancora was responsible for the overpayment inasmuch as the funds paid for the appropriated oil were applied to an indebtedness allegedly owed by Ancora to Ancora-Citronelle and that Ancora should reimburse Miller for such payment.
Finally, Miller alleged that in the event neither Ancora-Citronelle nor Ancora was responsible that it had paid the royalty owners their interest when it was not legally obligated to do so, and was hence entitled to recover back from them collectively the overpayment.
Furthermore, in its complaint, Miller admitted and has at all times during this litigation admitted owing to Ancora the approximate sum of $63,000 for oil purchased unassociated with and not produced from the East Citronelle Unit, and in the event the trial court determined Ancora not to be responsible to Miller, Miller offered to return the money to Ancora. In the event Ancora was found legally liable, Miller offered to offset its indebtedness to Ancora.
All the defendants who answered Miller's complaint denied all liability to Miller, and Ancora filed a counterclaim seeking to recover compensatory damages from Miller, including the monies Miller admitted it owed to Ancora. In an amended counterclaim, Ancora also sought the imposition of punitive damages. In its amended answer, Ancora joined in with Miller in asserting that the appropriation statute was unconstitutional.
Miller, Ancora-Citronelle and Ancora all filed motions for summary judgment seeking specific relief in this matter: Miller seeking to recover from Ancora; Ancora-Citronelle seeking to be dismissed from the litigation; and Ancora seeking to recover its monies from Miller. No royalty owner, individually or on behalf of all royalty owners, filed for summary judgment. No testimony was offered at the hearing conducted on the motions, and the trial court's ruling is based upon the pleadings, affidavits and other documents within the record.
On June 23, 1977, the trial court entered an order finding (1) that the appropriation statute was constitutional, specifically holding on the basis that no "state action" was involved in the oil appropriation, and (2) granting summary judgment to Ancora-Citronelle and dismissing it from the litigation. In its order of June 1977, the court reserved for future determination the claims between Miller and Ancora. Upon reconsideration of its June order, the trial court on August 3, 1977, entered its final order and judgment on Miller's behalf against Ancora for the sum of $22,677.97, being the difference between the alleged overpayment and the money owed by Miller to Ancora plus interest.
This appeal is taken from the final order and judgment entered by the trial court in the circuit court of Mobile County, Alabama, on August 3, 1977.
We reverse and remand.
The trial judge entered a lengthy order in which he made extensive findings of fact and conclusions of law. In this he erred. While the record in this case is quite voluminous and there was much evidence filed in support of the motion for summary judgment, it is axiomatic that a summary judgment is granted only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact, and that as a matter of law, the moving party is entitled to the relief sought.Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818
(1975). The moving party must clearly show that the other party could not recover under any discernible set of circumstances and that there is an absence of a genuine issue of material fact.Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
In this case, Ancora's pleadings deny the validity of the asserted debt, as do the affidavits filed by Ancora, and the depositions taken of Ancora's employees. Also, Ancora-Citronelle and Miller Oil attempted to set up the res judicata effect of a California judgment in an action between Ancora and Ancora-Citronelle to estop Ancora from contesting the correctness of the *Page 1011 
charges arising from the appropriations. The trial court expressly found and held that both the correctness of the appropriation and the amount appropriated was settled in the California judgment. Whether a particular judgment is res judicata can sometimes present a question of law; however, the record here precludes such a result. In our review of the record, it is evident that extrinsic evidence was resorted to in an effort to explain the terms of the California settlement. When extrinsic evidence must be resorted to, a question of fact emerges, 50 C.J.S. Judgments § 846, p. 420, and a summary judgment becomes improper.
Because we have found sufficient error to require reversal, we pretermit further discussion of whether there were several other instances where questions of fact were said to be raised.
Also, because we are reversing the trial court for granting summary judgment, we refuse to address several other issues raised by the parties; specifically, we refuse to decide whether Section 9-17-83 (7), Code, 1975, is unconstitutional.
In reversing the case, we note that if the parties desire to consent, in writing, the trial judge could decide the issues of fact on the evidence presented in connection with the motion for summary judgment. However, that is not the course of action followed here. The parties moved for summary judgment and we accordingly must apply the rules regarding the granting of summary judgment.
 MOTION TO DISMISS APPEAL BY ANCORA-CITRONELLE
Ancora-Citronelle moves to dismiss the appeal on the ground that a final judgment was entered against Miller Oil on June 23, 1977, pursuant to Rule 54 (b), A.R.C.P., in favor of it and against Miller, and that Miller did not file an appeal within forty-two days from the date of the circuit court's decision on Miller's motion for reconsideration of the June 23, 1977, order, or within fourteen days from the date of the notice of appeal filed by Ancora on September 13, 1977. The notice of appeal filed by Ancora on September 13, 1977, included Ancora-Citronelle as a party to the appeal, but Ancora-Citronelle claims that this notice of appeal which was filed by Ancora in no way presents for review the judgment entered June 23, 1977, in favor of Ancora-Citronelle, and against Miller, and that since Miller has not appealed that judgment, its correctness is not before this Court. Suffice it to say, that Ancora-Citronelle is so intertwined in this case that its absence would create an injustice. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276
(1936). Ancora-Citronelle's motion to dismiss the appeal is therefore denied.
REVERSED AND REMANDED; MOTION TO DISMISS APPEAL DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ. concur.