HOLMES, Judge.
This is a garnishment case. The trial court entered summary judgment against the garnishee. The garnishee appeals and we affirm.
The plaintiff, Northland Insurance Company, received a judgment against Benny Dillman for conversion of a truck. On March 5, 1980 a garnishment in the amount of $5,000 plus interest and costs was issued against garnishee, Clarence Cook, d/b/a Cook’s Auto Parts and/or Cook’s Auto Sales.
The garnishee, in an unsworn answer to the garnishment, stated that Dillman worked for him on a commission basis only. On April 24, 1980 the Calhoun County District Court, in a conditional judgment, ordered the garnishee to pay $5,000 plus costs to the plaintiff. The garnishee’s sworn petition to set aside the conditional judgment was denied and, on June 10, 1980, the district court entered final judgment in favor of the plaintiff.
Pursuant to § 12-12-70, Code of Ala. 1975, the garnishee appealed to the circuit court. On April 13, 1981 the plaintiff made a motion for summary judgment. In support of the motion, the plaintiff included an affidavit sworn to by the garnishee, his counsel and plaintiff’s counsel. The garnishee filed no affidavit in opposition to the motion. The only action taken by the garnishee after the motion for summary judgment was the filing of an amended answer pursuant to a pre-trial order. After considering the pleadings, the affidavit and the argument of counsel for both parties, the trial court entered a summary judgment in plaintiff’s favor. The garnishee’s request for post-judgment relief was denied, hence this appeal.
Rule 56(e), A.R.C.P. in pertinent part provides:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon *974 the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
The underlying purpose of the summary judgment procedure is to avoid the waste of judicial resources on baseless claims. The last two sentences of rule 56(e) complement this purpose by preventing the party opposing summary judgment from withholding evidence until trial by resting on the denials or allegations of his pleading. Instead, where a party seeking summary judgment has supported his motion with proper affidavits and the movant’s affidavits do not show that a genuine issue of fact exists, rule 56(e) requires the party opposing summary judgment to present evidence, by affidavit or otherwise, showing that there is a genuine issue for trial. 10 C. Wright & A. Miller, Federal Practice and Procedure § 2739 (1973).
In the instant appeal the plaintiff presented to the trial court a motion for summary judgment and a supporting affidavit. The affidavit, though not a paragon of clarity, does sufficiently indicate that the garnishee was appropriately indebted to the defendant. The garnishee, through affidavit or otherwise, offered nothing to indicate that a debt did not exist, nor does he show the existence of any other genuine issue of fact. Put another way the garnishee, as indicated by the record, made no response to the plaintiff’s summary judgment motion.
As noted above, the garnishee’s only action, subsequent to the summary judgment motion, was the amendment of his answer. This amendment was not sufficient to “set forth specific facts showing that there is a genuine issue for trial” as required by the rule. A party may not rest upon the mere denials of his pleadings when a motion for summary judgment is made and properly supported. Mims v. Louisville Title Insurance Co., 358 So.2d 1028 (Ala.1978); State v. Givhan, 292 Ala. 533, 297 So.2d 357 (1974).
Additionally, we note that the trial court’s order denying post-trial relief stated that the garnishee’s attorney of record, which we note is not his attorney for this appeal, in effect informed the court that there was no way to prevent a summary judgment against his client based upon the stipulated facts. The attorney of record further informed the court that neither he nor his client could swear to the assertions contained in his answer.
In view of the foregoing, we conclude the trial court committed no error in granting summary judgment for the plaintiff.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.