This is a suit for specific performance.
In November 1983 defendant David Hill employed defendant David Jones of David Jones Realty Co., Inc. to sell at public auction two tracts of land in Lauderdale County, Alabama owned by Hill and his wife, Dorothy. The auction was set for November 26, 1983 and the terms of the sale were specifically advertised as: "15% down payment day of sale — balance within 30 days — possession upon delivery of deed. . . . Sellers reserve the right to reject any or all bids."
Plaintiff Virgil Dixon attended the sale at the advertised time and location and was the highest and last bidder on the second tract of land, having bid $8,700. Immediately following the sale plaintiff gave Jones, the auctioneer, a check for $1,305 as a fifteen percent down payment on the property and signed the memorandum of the sale prepared by the auctioneer. The written memorandum of the sale prepared by the auctioneer contained the terms of the sale, a description of the property, and the names of the seller and the buyer.
The next day Jones contacted plaintiff and informed him that Hill had rejected his bid of $8,700, but that Hill would accept $13,000 for the property. Plaintiff refused to pay any more for the property and was subsequently informed that Hill had found another purchaser who was willing to pay $13,000. Jones returned plaintiff's check for $1,305.
On December 2, 1983 plaintiffs brought suit against defendants, demanding specific performance of the sales contract. Defendants filed an answer and motion for summary judgment, which the court granted. Plaintiffs appeal.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of defendants.
 "A sale at auction, like every other sale, must have the assent, express or implied, of both seller and buyer. . . . The contract becomes complete only when the bid is accepted, this being ordinarily denoted by the fall of the hammer.
". . . .
 "Where the seller reserves the right to refuse to accept any bid made, a binding sale is not consummated between the seller and the bidder until the seller accepts the bid. Furthermore, where a right is reserved in the seller to reject any and all bids received, the right may be exercised by the owner even after the auctioneer has accepted a bid, and this applies to the auction of public as well as private property.
 "Once a bid has been accepted, the parties occupy the same relation toward each other as exists between promisor and promisee in an executory contract of sale conventionally made. Thereafter, as a rule, the seller has no right to accept a higher bid, nor may the buyer withdraw his bid." (Footnotes omitted; emphasis added.)
7 Am.Jur.2d Auctions and Auctioneers § 16 (1980).
Plaintiffs argue that the sale was complete when the auctioneer accepted the bid, the fifteen percent down payment on the bid price, and signed the memorandum of the sale. Plaintiffs not only rely on this undisputed set of facts but also point to their affidavit in opposition to the summary judgment motion wherein Mr. Dixon says that seller congratulated him on the sale. *Page 315 
Seller, in his affidavit, says that he specifically reserved the right to accept or reject any or all bids; that he never accepted plaintiff's bid and, although he was present at the auction and spoke to plaintiff, never mentioned to plaintiff whether he accepted or rejected plaintiff's bid. Seller specifically informed plaintiff the day following the auction that plaintiff's bid of $8,700 had been rejected.
In Alabama a motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 (c), Alabama Rules of Civil Procedure; Houston v. McClure,425 So.2d 1114 (Ala. 1983). Defendants, as the parties moving for summary judgment, have the burden to clearly show that plaintiffs cannot recover under any discernible set of circumstances. Bryant v. Morley, 406 So.2d 394 (Ala. 1981). If there is a scintilla of evidence supporting plaintiffs' position so that they would be entitled to a jury trial, entry of summary judgment is inappropriate and is due to be reversed.Legg v. Kelly, 412 So.2d 1202 (Ala. 1982); Oliver v. Taylor,394 So.2d 945 (Ala. 1981).
In the case sub judice the trial court obviously concluded that the seller had reserved the right to reject any bid and had, pursuant to that reservation, rejected plaintiff's bid the day following the auction.
The evidence, by way of affidavit, shows that plaintiff was the highest and last bidder, paid the required down payment to the auctioneer, signed the memorandum of sale prepared by the auctioneer, and stated that seller congratulated him on the sale. Seller says that he never discussed the sale with plaintiff and rejected his bid the day after the sale.
The evidence concerning whether seller accepted plaintiff's bid on the day of the sale is in dispute. Plaintiff says seller congratulated him on the sale on the day of the auction, impliedly accepting his bid. Seller replies that, although he spoke to plaintiff right after the sale, nothing was said about the sale.
If the evidence that seller congratulated plaintiff on the sale is believed, it could be inferred that seller had accepted plaintiff's offer to buy and, therefore, could not later reject his bid. See 17 Am.Jur.2d Contracts § 45 (1964). There being a scintilla of evidence supporting plaintiff's position, the grant of summary judgment under these circumstances would be improper.
Seller replies that there was no written contract of sale entered into by the buyer and seller and, therefore, that the purported sale is not in compliance with the Statute of Frauds. § 8-9-2, Code 1975.
It is true that the seller and buyer did not enter into a written contract of sale for the property in question. However, the auctioneer, after the purported sale, prepared a written memorandum of the sale in which he described the property and inserted the price bid, the terms of the sale, and the names of the buyer and the seller.
Section 8-9-3, Code 1975, provides:
 "When lands, tenements or hereditaments are sold or leased at public auction and the auctioneer, his clerk or agent makes a memorandum of the property and the price thereof at which it is sold or leased, the terms of sale, the name of the purchaser, or lessee and the name of the person on whose account the sale or lease is made, such memorandum is a note of the contract within the meaning of section 8-9-2." (Emphasis added.)
As can be readily seen, the written memorandum prepared by the auctioneer shortly after the sale meets the requirements of section 8-9-3 and thereby satisfies the requirements of section8-9-2, Code 1975. Thus, the Statute of Frauds has been satisfied.
The summary judgment granted in this case is improper and it is reversed. The cause is remanded for further proceedings.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 316