457 So.2d 408 (1984)
Bernadine TAYLOR
v.
CIBA-GEIGY CORPORATION, a corporation.
Civ. 4275.
Court of Civil Appeals of Alabama.
August 22, 1984.
*409 Donald G. Beebe, Mobile, for appellant.
Thomas M. Galloway, Jr. of Collins, Galloway & Smith, Mobile, for appellee.
*410 BRADLEY, Judge.
This is a workmen's compensation case.
In April 1983 Bernadine Taylor filed a petition for workmen's compensation benefits against her employer, Ciba-Geigy Corporation, a corporation. A summary judgment was rendered in favor of employer. Employee appeals.
Employee alleges in her complaint that she was injured on the job in November 1977 and that she received compensation benefits or benefits in lieu of compensation until February 1983. She filed her petition in April 1983. Employer filed an answer in which it denied that employee had been injured on the job and had received compensation benefits or benefits in lieu of compensation from 1977 until February 1983. Employer also asserted the statute of limitations as a bar to employee's action.
Employer later filed a motion for summary judgment accompanied by an affidavit of its personnel officer.
The personnel officer asserted that in October 1977 the employee had filed a claim for accident and sickness weekly benefits for a nonjob-related injury. Employee was off the job from September 29, 1977 through December 27, 1977 and was paid accident and sickness benefits for that period. She returned to work on September 28, 1977 and worked until November 1979 when she again was off her job for maternity leave. Employee received accident and sickness benefits from November 23, 1979 through May 22, 1980 and longterm disability benefits (which have nothing to do with workmen's compensation benefits) from May 23, 1980 through July 21, 1980. Employee returned to work on July 22, 1980 and worked until August 14, 1980. At this time employee went off the job and received accident and sickness benefits until February 19, 1981. From February 20, 1981 until February 12, 1983 employee received longterm disability benefits.
The personnel officer stated that between December 28, 1977 and November 22, 1979 employee received no payments or compensation of any kind from employer or its insurers. He further stated that employee never claimed that the treatment she received in September 1977 or thereafter was for a job-related injury.
Employee filed an affidavit in opposition to employer's motion for summary judgment. In her affidavit employee says she did file a claim for accident and sickness benefits in October 1977 but it was at the direction of her supervisor who did not want her to file a claim for workmen's compensation benefits. She said that employer was trying to maintain an injury-free work record and did not want a job-related injury to mar its record. She said that her injury was suffered on the job and that her employer was aware that it was job related because of the injury report she filed. She says she was instructed to file for accident and sickness benefits rather than file a report of a work-related injury.
After a hearing the trial court granted employer's motion for summary judgment.
In brief here employee argues that the trial court erred in awarding a summary judgment to employer. She says that a question of fact was presented by her affidavit as to whether the employer fraudulently prevented her from filing a claim for workmen's compensation benefits and thus is now estopped from asserting the statute of limitations.
A summary judgment must not be granted if there is a genuine issue as to any material fact. Ancora Corp. v. Miller Oil Purchasing Co., 361 So.2d 1008 (Ala. 1978). And in determining whether such issue exists, the record must be viewed in a light most favorable to the nonmoving party. Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976).
Employee says that she was injured on the job but was told not to file an on-the-job accident report but to say she was injured off the job and to claim accident and sickness benefits rather than workmen's compensation benefits. Employer denies that employee was injured on the job and that she was told to claim accident and sickness *411 benefits in lieu of workmen's compensation benefits.
The evidence is undisputed, however, that the employee did not receive any benefits from December 1977 until November 1979. Employee did allege in her complaint that she had received benefits from November 1977 until February 1983. The employer contradicted this assertion by the affidavit of its personnel officer filed in support of the motion for summary judgment. The employee in her affidavit in opposition to the summary judgment motion did not contradict the employer's statements about the periods during which employee received benefits.
Once a summary judgment motion has been made and supported as provided by rule 56, Alabama Rules of Civil Procedure, the adverse party cannot rest on the allegations of his pleadings alone but must respond by presenting affidavits setting forth specific facts showing that there is a genuine issue for trial. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala.1979).
Here, the employee did respond to the summary judgment motion by affidavit, but she failed to say anything about receiving benefits and for what periods. Therefore, the employer's statement that employee received no benefits from December 1977 until November 1979 stands uncontradicted.
At this juncture of the case, the facts are these: employee was paid benefits in lieu of compensation from September 29, 1977 through December 27, 1977, and at this time the payments stopped. Then for a period of almost two years employee did not receive any payments whether they be compensation or insurance benefits. Section 25-5-80, Code 1975, provides that the statute of limitations is tolled for one year following the last payment of compensation. Employee received her last payment on December 27, 1977 but failed to bring her suit within a year from this payment. We, therefore, reject employee's argument that her payments in lieu of compensation tolled the period of limitation so as to make her suit timely.
Employee says, however, that employer cannot assert the limitations' bar because she was fraudulently induced to not file her claim in September 1977. Assuming that employee was fraudulently induced to not file a claim for compensation benefits, nevertheless, she was aware of the fact that she could file for such benefits.
Since employee was aware in September 1977 that she could file a claim for workmen's compensation benefits, once the payments ceased in December 1977 she was then on notice that she should file for such benefits. In other words, the fraud ended when the payments stopped. Employee was then under no compulsion to continue to accept the insurance benefits in lieu of compensation.
"The general rule appears to be that a plaintiff may not invoke the doctrine of equitable estoppel against a defendant unless the plaintiff exercises due diligence in commencing the appropriate legal proceeding after the circumstances giving rise to estoppel have ceased to be operational ...."
Annot., 44 A.L.R.3d 760 (1972).
This court has not been cited to, nor has it found, any authority in this jurisdiction stating the period of time in which an employee is required to bring his claim for workmen's compensation benefits after the employer's conduct inducing the employee to delay filing suit has ceased. We are therefore required to turn to other sources.
Since employee's claim for relief from the operation of the statute of limitations is based on her employer's fraud, we can analogize to section 6-2-3, Code 1975, providing a statutory period of limitation for bringing an action based on fraud. This section requires that an action seeking such relief be brought within one year after the discovery of the fraud.
In the case before us it appears that employee was aware that she had a right to file a workmen's compensation claim in 1977. She was, therefore, aware of her *412 employer's fraud in 1977 inducing her to file her claim as not being job related. She would then have one year thereafter within which to bring her claim and this suit would be time barred. However, we might reasonably measure the employee's discovery of the fraud from the date that she became aware or should have been aware that her employer challenged her right to workmen's compensation benefits.
When employee's payments ceased in December 1977, she was provided with facts sufficient to provoke inquiry as to why the payments stopped. Employee should have discovered at this time that her employer refused to acknowledge her claim. Accordingly, employee should have brought her claim at least within one year after the cessation of payments in December 1977.
Turning to other jurisdictions, a substantial number of cases have held that where the conduct of the defendant justifying plaintiff's delay in filing suit has ceased, and plaintiff had ample time and opportunity to commence the action prior to the expiration of the statutory period, defendant is not estopped from asserting the statute of limitations. See, Annot., 44 A.L. R.3d 760 (1972); Annot., 43 A.L.R.3d 429 (1972).
Here, employee was injured in September 1977 and the payments inducing her delay ceased in December 1977, before the statutory period of limitation had run. She had, thereafter, nine months in which to bring her claim. No reason is given in the record for her failure to file after this date. Because during this nine month period there were no alleged words or conduct on the part of her employer which lulled her into a false sense of security, we do not find that it was reasonable for her to delay commencing her claim until after the period of limitation had expired.
If, however, we were to assume that employer's conduct extended beyond the statutory period of limitation, a large number of cases would require that employee bring the claim within a reasonable time after her employer's conduct constituting estoppel ceased. Several of these cases suggest that this reasonable time is not to exceed the original statutory period applicable to the particular cause of action involved. Annot., 44 A.L.R.3d 760 (1972).
We believe that reference to the applicable statute of limitations period established by our legislature in section 25-5-80, Code 1975, provides a determination of the test for reasonableness. The legislature has determined that one year is a reasonable time for an employee to bring an action for workmen's compensation benefits. Therefore, an employee is required to bring his workmen's compensation claim within one year after the circumstances justifying his delay have ceased. This we believe is an equitable result because it provides employee an opportunity to begin the running of the statute of limitations anew after her employer's misrepresentations ceased.
To hold otherwise would be to say that an employer who has fraudulently induced an employee to forgo claiming workmen's compensation benefits for a period of time is forever barred from asserting the limitation period within which an employee must file such claims. This court has not been cited to any such authority and, after diligent search, we have been unable to find any such authority.
Accordingly, we affirm the grant of summary judgment by the trial court, holding that employee's suit is time barred.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs specially.
WRIGHT, Presiding Judge, concurring specially.
I concur in the result that the statute of limitation for suit of workmen's compensation has expired and that there is no bar of estoppel to employer pleading the statute. However, it appears to me that the discussion of estoppel is not appropriate under the facts even as stated by employee. If *413 there was in fact a job-related injury, employee was aware of her right to claim workmen's compensation. She instead, of her own decision, elected to claim sick and accident benefits. She was not misled or induced by the employer to delay filing for workmen's compensation within the statutory time. She knowingly accepted other benefits available to her. She thereafter worked for more than five years before determining to claim compensation. Clearly she was not entitled to maintain her suit.