BRADLEY, Judge.
Defendant appeals from the award of a summary judgment to plaintiff.
The Covington County Bank filed an action in the District Court of Covington County against R.J. Casey, seeking $1,034.83 plus interest and attorney’s fees as due on a promissory note. Casey answered and filed a counter-claim for $15,-000. The district court found for the bank and Casey appealed to the circuit court.
The bank filed a motion in the circuit court asking for a summary judgment. This motion was accompanied by an affidavit of one of the bank’s officers. Casey *1170 filed an answer to the summary judgment motion, and it was also accompanied by an affidavit made by Casey. Subsequently, Casey filed an amended counterclaim in which he sought $15,000 in damages for breach of an agreement by the bank.
After a hearing the circuit court granted the bank’s motion for summary judgment and awarded it $1,403.53, which included interest and attorney’s fees. The court also dismissed Casey’s counterclaim. Casey appeals, asserting that the circuit court erred by awarding the bank a summary judgment and by dismissing his counterclaim.
A summary judgment is appropriate only where it has been demonstrated by pleadings and proof, i.e. affidavits, depositions, etc., that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Adams v. Bay Minette Production Credit Association, 450 So.2d 149 (Ala.Civ.App.1984).
In deciding whether a genuine issue of fact exists, the court must consider the record in a light that is most favorable to the nonmoving party. Taylor v. Ciba-Geigy Corp., 457 So.2d 408 (Ala.Civ.App.1984). Furthermore, the moving party has the burden of proving the absence of any genuine issue of material fact. Bishop v. Leavell Banking Co., 464 So.2d 106 (Ala.Civ.App.1985). If there is a scintilla of evidence supporting the nonmoving party’s position, the entry of a summary judgment is inappropriate. Dixon v. Hill, 456 So.2d 313 (Ala.Civ.App.1984). However, the non-moving party may not rest upon the mere denials of his pleadings when a motion for summary judgment is made and properly supported. Cook v. Northland Insurance Co., 406 So.2d 972 (Ala.Civ.App.1981). Moreover, the nonmoving party must present, in response to proof in support of-a summary judgment motion showing that a material issue of fact does not exist, admissible proof showing a factual conflict. Ray v. Montgomery, 399 So.2d 230 (Ala.1980). Additionally, the evidence offered in response to the motion must be more than a mere verification of the allegations contained in the pleadings. Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980).
In view of the above recited legal principles, no genuine issue of a material fact exists in this case.
The facts show that Casey borrowed money from the bank, as evidenced by a promissory note, and gave as collateral for the loan a 1978 Dodge Diplomat automobile. The bank asserts that Casey defaulted on the loan and it repossessed the automobile and sold it. The proceeds from the sale of the automobile failed to satisfy the indebtedness, and the bank sued Casey for the balance due on the loan. Casey, in his affidavit, said that he did not owe the money. However, he failed to say why he did not owe the money. In other words, Casey failed to present admissible facts to show why he did not owe the money.
Casey’s statement that he did not owe the money to the bank was no more than the denial in his answer of the allegations set out in plaintiff’s complaint. No additional facts were shown to explain why he did not owe the money. Summary judgment was properly granted.
Casey has also asserted in brief that the circuit court erred in dismissing his counterclaim.
The record reveals that Casey filed in the circuit court what he styled as an “Amended Counterclaim” thirty-five days after notice of appeal to the circuit court was filed.
Rule 13(j), Alabama Rules of Civil Procedure, provides, in part:
“Appealed Actions. Where an action is commenced in a court from which an appeal lies to the circuit court for a trial de novo any counterclaim made compulsory by Subdivision (a) of this rule shall be stated as an amendment to the pleading within 30 days after the appeal has been perfected to the circuit court....”
As noted above, Casey did appeal from the judgment rendered against him in the district court, and he did file an amended *1171 counterclaim in the circuit court, wherein he sought $15,000 as damages from the bank for breach of contract. Casey failed, however, to file the amended counterclaim within thirty days of the appeal to the circuit court. The notice of appeal was dated June 24, 1985 and the amended counterclaim was dated July 29, 1985.
It is quite apparent that Casey did not file his amended counterclaim within thirty days, as required by Rule 13(j), but this conclusion is based on the assumption that Casey’s counterclaim was compulsory. If it were a permissive counterclaim, the time constrictions would not apply.
In O’Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977), we said:
“A counterclaim is deemed to be compulsory ‘if there is any logical relation of any sort between the original claim and the counterclaim.’ Rule 13, ARCP, committee comments.
“The logical relation test used in Alabama is the most liberal of several tests which are used to determine whether or not a counterclaim is compulsory. 6 Wright & Miller, Federal Practice and Procedure: Civil, § 1410. Nonetheless, the logical relation test has by far the widest acceptance among the courts. Wright & Miller, supra. Basically, it allows a court to apply Rule 13(a) to any counterclaim which should be tried with the original claim in order to avoid a substantial duplication of effort, Diamond v. Terminal Railway Alabama State Docks, 421 F.2d 228 (5th Cir.), or in which both the original claim and the counterclaim arise out of the same aggregate of operative facts
The facts as gleaned from the pleadings and the affidavits show the bank had loaned Casey money and had taken as collateral an automobile. Casey says that he had an agreement with the bank that they would lend him money so that he could purchase used automobiles for resale. He says that the bank breached this agreement.
These facts could have reasonably led the circuit court to conclude that the bank and Casey had an arrangement whereby the bank would finance the purchase of certain used cars for Casey and that Casey defaulted in the payment of one or more of these loans. Hence, the court could have found that the original claim and the counterclaim arose out of the same aggregate facts and determined the counterclaim to be compulsory. We agree with this conclusion.
Since Casey’s counterclaim is compulsory, it was filed too late and the circuit court properly dismissed it.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.