HOLMES, Judge.
This is an appeal from the granting of a motion for summary judgment.
The Marion County Circuit Court granted plaintiffs motion for summary judgment in the amount of $4,916.73. Defendant appeals and we reverse.
We find the following pertinent: Plaintiff began making sales to defendant in 1980. The sales tax on all the purchases made by defendant were paid by him.
In January of 1982 the defendant told plaintiff that Alabama sales tax should no longer be charged on his purchases. It is disputed as to whether defendant informed plaintiff that his sales tax number was in reality a Mississippi sales tax number.
Plaintiff made sales to defendant from January 5, 1982, until August 23, 1983, upon which no Alabama sales tax was paid or collected.
Defendant resumed payment of Alabama sales tax on his purchases from plaintiff in September of 1983. It is again in dispute as to the reason for resumption of the payments of Alabama sales tax.
Defendant in July of 1984 paid the plaintiff the entire balance owed on his account as shown by the plaintiffs billing statements. Plaintiff then instituted this suit, alleging defendant owed $4,916.73 by open account for Alabama sales tax not paid from January 1982 to August 1983.
Plaintiff contends that, under authority of Ala.Code (1975), § 40-23-26, it was required to add the sales tax to the purchase price of the goods and collect it from the defendant.
On appeal the defendant contends that summary judgment was erroneously granted as there were genuine issues as to material facts, thus precluding summary judgment as a matter of law. We agree.
It is well settled that summary judgment is appropriate only when the moving party has demonstrated by the pleadings, answers to interrogatories, depositions, and affidavits that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law. Adams v. Bay Minette Production Credit Association, 450 So.2d 149 (Ala.Civ.App.1984).
In determining whether a genuine issue as to any material fact exists, so as to preclude granting of a motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party. Taylor v. Ciba-Geigy Corp., 457 So.2d 408 (Ala.Civ.App.1984). The moving party has the burden of proving the absence of any genuine issue of material fact. Bishop v. Leavell Banking Co., 464 So.2d 106 (Ala.Civ.App.1985). If there is a scintilla of evidence supporting the nonmoving parties' position so that they would be entitled to a jury trial, entry of summary judgment is inappropriate and is due to be reversed. Dixon v. Hill, 456 So.2d 313 (Ala.Civ.App.1984).
We find in our examination of the record the existence of genuine issues of fact which requires the reversal of the trial court’s summary judgment.
We note that, while plaintiff brought suit upon an open account in the amount of $4,916.73, it was shown by plaintiff's own statement that plaintiff last billed defendant for a total of $600. Defendant responded by paying this bill in full by check dated July 3, 1984. Defendant wrote on the back of the check the following: “Acceptance of this check pays Energy Insulation account in full.”
*1109 We find the above presents a genuine issue as to a material fact, namely, whether defendant has paid plaintiff all sums “legally” due.
We should not be understood as finding that defendant has, in fact, paid all sums “due,” only that under these facts summary judgment is precluded.
In view of the foregoing, this case is due to be and is hereby reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.