491 So.2d 972 (1986)
J. PAUL JONES HOSPITAL, a body corporate,
v.
JACKSON, COKER & ASSOCIATES, INC., a corporation, d/b/a Jackson & Coker.
Civ. 5094.
Court of Civil Appeals of Alabama.
May 28, 1986.
*973 Andrew M. Cromer, Jr., Camden, for appellant.
V. Wylynn Gilmore-Phillippi, Camden, for appellee.
HOLMES, Judge.
This is an appeal from the granting of a motion for summary judgment. Rule 56, Alabama Rules of Civil Procedure.
The circuit court granted defendant's motion for summary judgment. Plaintiff appeals and we reverse.
The record in pertinent part reveals the following:
Plaintiff, J. Paul Jones Hospital, entered into a contractual agreement with the defendant, Jackson, Coker & Associates, Inc., on May 8, 1980. The contract provided that the defendant was to recruit a physician for the purposes of employment with the plaintiff-hospital. Defendant's fee for its recruitment of a physician was set at $12,000; $4,000 was to be paid in advance, with the remaining $8,000 due and payable "at such time as the physician signs the working agreement or commences work for client, whichever comes first."
Defendant subsequently referred Dr. M.C. Desai to plaintiff in February 1981. This physician signed a "working agreement" dated February 27, 1981. However, this "working agreement" was made contingent upon Dr. Desai's making a return trip to the hospital with his wife and giving a favorable report.
Plaintiff received notice of defendant's recruitment of Dr. Desai and a copy of the "working agreement" signed by Dr. Desai. This agreement was not signed by any representative of the plaintiff-hospital. Plaintiff, in compliance with its contract with defendant, forwarded the balance of $8,000 to the defendant.
Shortly thereafter, the physician failed to make a return trip to the hospital as provided for in the "working agreement." Plaintiff notified defendant that, in light of the physician's failure to return for a visit, as specified in the "working agreement," it was requesting that the $8,000 payment be returned. This request was made in view of the failure of the physician to comply with the terms of the "working agreement." Defendant refused plaintiff's request and directed plaintiff's attention to a provision of defendant's and plaintiff's May 8, 1980, contract. This provision provided for the recruitment of a replacement physician by the defendant at no additional charge "if that physician fails to report for work."
Defendant subsequently began to try to perform under the contract and replace Dr. Desai. However, plaintiff refused to interview any of the prospective physicians referred to it by the defendant until the $8,000 payment made by plaintiff was returned. Thus, the defendant was apparently without the ability to perform under the contract.
On September 24, 1981, plaintiff brought suit, seeking repayment of the $8,000 payment made to defendant.
On appeal the dispositive issue is whether the trial court properly granted the defendant's motion for summary judgment.
The award of summary judgment is appropriate only when the moving party has demonstrated by the pleadings, answers to interrogatories, depositions, and affidavits that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law. Emerson v. Rock Wool Manufacturing Co., 484 So.2d 1107 (Ala.Civ.App.1986).
The burden of proof is on the party moving for summary judgment to show that there is no genuine issue of fact. See Booth v. United Services Automobile Association, 469 So.2d 1281 (Ala.1985). All reasonable doubts must be resolved against *974 the moving party. Sadie v. Martin, 468 So.2d 162 (Ala.1985). If there is a scintilla of evidence supporting the non-moving parties' position, so that they would be entitled to a trial, entry of summary judgment is inappropriate and is due to be reversed. Dixon v. Hill, 456 So.2d 313 (Ala.Civ.App. 1984).
If an instrument is unambiguous, its construction and effect are questions of law which may be decided, under appropriate circumstances, by summary judgment. See Warrior Drilling & Engineering Co. v. King, 446 So.2d 31 (Ala.1984). If there exists ambiguity, evidence of facts and circumstances from another source or outside the record of the contract may be utilized to aid the finder of fact in clarifying the terms of the contract. See Miles College, Inc. v. Oliver, 382 So.2d 510 (Ala.1980). Ambiguity in the contract precludes the granting of summary judgment.
In the case at bar the contract entered into by the plaintiff and defendant provided as follows:
"GENERAL PROVISION # 1
Jackson & Coker agree to recruit one physician for J. Paul Jones Hospital at a recruitment fee of $12,000.00, $4,000.00 of this amount is payable in advance. The balance of $8,000.00 is due and payable at such time as the physician signs the working agreement or commences work for client, whichever comes first."
The physician recruited by the defendant signed a "working agreement." Plaintiff, in compliance with Provision 1, paid the defendant $8,000. Subsequently, that physician never came to work for the plaintiff. Plaintiff demanded that defendant return the $8,000 payment. However, defendant cited the plaintiff to Provision 2, which states as follows:
"GENERAL PROVISION # 2
Jackson & Coker agree that in addition to the physician leaving for any reason within the first 90 days of employment, Jackson & Coker will recruit another physician as a replacement at no additional charge if that physician fails to report for work." (Emphasis added.)
Defendant, pursuant to Provision 2, sought to recruit another physician to replace the first physician. Plaintiff refused to interview any prospective physicians referred by the defendant unless the defendant returned the $8,000 payment.
It appears to this court, after examining the contract in question, that there does exist an ambiguity and that evidence must be presented in order to determine the correct interpretation of the contract. Put another way, summary judgment is only appropriate in these type cases when the contract is unambiguous. Our conclusion is based upon the application of Provision 2. This provision becomes effective "if that physician fails to report for work." It is unclear to this court whether that provision operates under the current facts.
The physician in the case at bar signed a "working agreement." However, the working agreement was contingent upon the physician's returning for a visit and giving a favorable report. The physician failed to satisfy the contingency in the "working agreement." Under these facts does Provision 2 become effective? Or does this provision only operate when a "working agreement" is fully satisfied, thus guaranteeing contractual employment?
The meaning of Provision 2 is unclear, given the physician's failure to satisfy the contingency within the working agreement. A factual question arises concerning the application of Provision 2 in light of the apparent failure to satisfy the requirement of a "working agreement." Oliver, 382 So.2d 510.
This case is due to be reversed and remanded for proceedings not inconsistent with the above.
REVERSED AND REMANDED.
BRADLEY, J. concurs.
WRIGHT, P.J., dissents.
*975 WRIGHT, Presiding Judge, dissenting.
I must respectfully dissent. The majority states that there arises a factual question in the application of Provision 2 of the contract. I find no factual question involved. The facts are undisputed. Thus, there is no issue of material fact. The first requirement for summary judgment is thus met. The only remaining question is whether, after applying the facts to the contract, defendant is entitled to judgment as a matter of law. Applying the law to the undisputed facts is the task of the court.
It appears to me that the conditions for the payment of the full $12,000 under Provision 1 were fulfilled when the working agreement was signed. Obviously the plaintiff so interpreted it. It paid the $8,000.
The evident purpose of Provision 2 is that if for any reason the recruited physician does not thereafter report or remain within the first ninety days, defendant will recruit another at no additional charge. Thus, Provision 2 clearly anticipates that the full fee has been paid because of fulfillment of Provision 1. I would therefore affirm the judgment as a matter of law.