INGRAM, Judge.
This appeal arises from the granting of a summary judgment in favor of the employer in a workmen’s compensation case. The employee alleged in his complaint that he suffered an injury while in the line and scope of his employment which entitled him to workmen’s compensation benefits. The employer filed a motion for summary judgment along with a supporting affidavit. In response, the employee filed a counter-affidavit. The trial court granted the employer’s motion for summary judgment, and the employee appeals.
The dispositive issue on appeal is whether the trial court erred in granting the employer’s motion for summary judgment.
The employee alleged in his complaint that he suffered a hernia while in the line and scope of his employment and that he is entitled to workmen’s compensation benefits. Further, he alleged that, due to harassment by his supervisors, he was under great stress and contracted a neurological condition while in the scope of his employment, likewise entitling him to workmen’s compensation benefits.
The record further reveals that the employer answered the complaint and denied that the above allegations were correct. The employer denied that the employee suffered a hernia causing serious personal injuries while in the line and scope of his employment or that the employee ever gave the employer any notice of having received any such injury while on the job. Further, the employer denied that the employee contracted a neurological condition or suffered any stress as a result of any physical injury or trauma in the line and scope of his employment. The employer then filed a motion for summary judgment with supporting memorandum and affidavit. The affidavit stated that the employee has never received any physical injury while on the job nor did the employer have any knowledge of any mental disability by the employee as a result of any physical trauma or injury received while in the line and scope of his employment.
It is well settled that, once evidence has been presented to support a summary judgment, “the motion is to be granted unless the adverse party makes an eviden-tiary or factual showing in opposition to show that there is a genuine issue of fact for trial.” Williams v. Tennessee River Pulp & Paper Co., 442 So.2d 20, 21 (Ala.1983). Once a summary judgment motion *534 has been made and supported as provided by Rule 56, Alabama Rules of Civil Procedure, the adverse party cannot rest on the allegations of his pleadings alone but must respond by presenting affidavits setting forth specific facts showing that there is a genuine issue for trial. Taylor v. Ciba-Geigy Corp., 457 So.2d 408 (Ala.Civ.App.1984).
Here, the employee did file a counter-affidavit in response to the employer’s motion for summary judgment. However, the affidavit was that of a psychiatrist who opined that the employee’s neurological condition was not caused by any job-related injury or emotional trauma. He further testified that the neurological disorder was present in the employee prior to any stress on the job. Therefore, the employee did not present any evidence to refute the employer’s affidavit or to show that there was a genuine issue for trial. In fact, the record does not reveal any evidence to substantiate any of the claims alleged in the employee’s complaint. There is no evidence to support the employee’s allegation that he suffered any on-the-job injury or emotional trauma. Although the employee alleged that he suffered a hernia, there was no evidence presented to support this allegation. Furthermore, although there is testimony that the employee had a neurological disorder, it is clear from the deposition of the employee’s own witness that it was not caused by any job-related injury or emotional trauma. Therefore, in view of Magouirk v. United Parcel Service, 496 So.2d 55 (Ala.Civ.App.1986), where we held that for the employee to recover any compensation due to a “mental disability,” he must show that it is related to some physical injury or trauma which was sustained by the employee while in the line and scope of his employment, we cannot say that the trial court erred in granting the employer’s motion for summary judgment. As stated above, there is no evidence presented by the employee that he suffered any job-related injury or emotional trauma which would entitle him to workmen’s compensation benefits.
In view of the above, the trial court was correct in granting a summary judgment in favor of the employer.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.