BRADLEY, Presiding Judge.
This is an appeal from a grant of summary judgment.
The law firm of Wooten, Boyett, Thornton, Carpenter & O’Brien (Wooten, Boyett), the plaintiff-appellee, filed an action on December 16, 1985 in the Circuit Court of *543 Talladega County against James L. (Skip) Deupree, Jr. (Deupree), the defendant-appellant, for sums owed on account. Deu-pree filed an answer denying the material allegations of the complaint. On January 21, 1987 Wooten, Boyett filed a motion for summary judgment with a supporting affidavit. Subsequently, Deupree submitted a summary judgment motion with supporting affidavit. On March 16, 1987 the court granted summary judgment in favor of Wooten, Boyett, thus denying Deupree’s motion for summary judgment. Deupree filed a posttrial motion, which was denied, and appeals from the final judgment granting summary judgment. We affirm.
The pertinent facts were outlined by the court in its final judgment.
“In November or December, 1983, the defendant, James L. (Skip) Deupree, Jr., approached 0. Stanley Thornton, a partner in the law.firm of Wooten, Boyett, Thornton, Carpenter & O’Brien, the plaintiff in this case. The defendant personally requested that Mr. Thornton provide certain legal services for the defendant and various entities through which the defendant did business, one of these entities being the Bay Development Corporation. The plaintiff undertook to represent the Bay Development Corporation and the defendant in various items of litigation. A portion of this litigation was pending in the State of Florida, and the plaintiff retained the services of a Law Firm in the State of Florida to assist in this litigation. The plaintiff submitted various interim statements for services rendered for a period beginning December 15, 1983, through September 18, 1984, and again for services rendered by the plaintiff and the Florida Law Firm retained by the plaintiff for a period beginning December 29, 1983, and through August 17, 1984. These statements submitted to the defendant were paid. It is undisputed that the exhibit attached to the plaintiffs affidavit reflecting various statements issued by the plaintiff for services rendered and being in the sum of $7,752.93, is unpaid. There is no allegation disputing the reasonableness, necessity or the quality of the plaintiff’s services.”
The only issue presented to us on appeal is whether the court erred in finding no genuine issue of material fact and thereby granting summary judgment. Deupree contends on appeal that his statement made in the supporting affidavit for his motion for summary judgment constitutes a dispute of a material fact. His affidavit is as follows: “Affiant is not personally, nor individually liable to, nor indebted for any sums claimed by Plaintiff.” We disagree.
Rule 56, Alabama Rules of Civil Procedure, allows a trial court to grant summary judgment upon the motion of either party when it determines that no genuine issue of a material fact exists and that the moving party is entitled to a judgment as a matter of law. Silk v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 437 So.2d 112 (Ala.1983). The initial burden of proving the nonexistence of a disputed fact rests on the moving party. Osborn v. Johns, 468 So.2d 103 (Ala.1985).
“If there is a scintilla of evidence supporting the nonmoving party’s position, the entry of a summary judgment is inappropriate. Dixon v. Hill, 456 So.2d 313 (Ala.Civ.App.1984). However, the nonmoving party may not rest upon the mere denials of his pleadings when a motion for summary judgment is made and properly supported. Cook v. Northland Insurance Co., 406 So.2d 972 (Ala.Civ.App.1981). Moreover, the nonmov-ing party must present, in response to proof in support of a summary judgment motion showing that a material issue of fact does not exist, admissible proof showing a factual conflict. Ray v. Montgomery, 399 So.2d 230 (Ala.1980). Additionally, the evidence offered in response to the motion must be more than a mere verification of the allegations contained in the pleadings. Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980).”
Casey v. Covington County Bank, 485 So. 2d 1169 (Ala.Civ.App.1986).
In the present case, Wooten, Boyett supported its motion by affidavit and accompa *544 nying statements of accounts due. This affidavit, as noted by the trial court, set out facts showing that Deupree had engaged Wooten, Boyett to render to him certain legal services; these services were rendered, statements for those services were tendered to Deupree and some of them were not paid. Deupree’s affidavit merely denies that he owes Wooten, Boyett any money. He fails to state why he does not owe the money. Thus, Deupree’s statement in his affidavit that he did not owe the money is equivalent to the denial in his answer to the complaint that he did not owe Wooten, Boyett any money. In other words, no additional facts were set out in the affidavit as to why Deupree did not owe the attorney fees. Hence, Deupree’s affidavit amounts to no more than a verification of the pleading, i.e. his answer. This is insufficient. Consequently, summary judgment for Wooten, Boyett was properly granted.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.