THIGPEN, Judge.
This is a zoning case.
Julia McCain Lampkin Asam owned certain rental property, which is zoned residential and located in a residential area of the City of Tuscaloosa (City). The building consisted of four apartment units. Asam, an attorney, filed a petition with the Zoning Board of Adjustment seeking a special exception for home office use and a variance to hire a secretary based on a claim of hardship, the hardship being the need to care for her elderly mother. After publishing required notice and having a hearing, the Board considered and denied the petition. Asam thereafter appealed to the cir *1194 cuit court for trial de novo. On appeal, Asam attempted to assert claims against the City, involving alleged violations of her constitutional right to equal protection and claiming intentional discrimination, denial of equal protection, and denial of due process by the Board. The trial court granted the defendants’ summary judgment as to claims against the City and at the conclusion of Asam’s evidence at trial, granted a directed verdict in favor of the Board. Asam’s motion for judgment notwithstanding the verdict was denied. Hence, this appeal.
The issues presented are: (1) whether the trial court erred in granting summary judgment against Asam in her claims of fraud and violation of her civil rights, and in her request for rezoning, and (2) whether the trial court properly granted a directed verdict denying Asam a home occupation special exception and a variance from this special exception to allow her to hire a secretary.
Initially we note that an appeal from a board of zoning adjustment is tried de novo at the trial level. Ala.Code 1975, § 11-52-81; Board of Zoning Adjustment v. Warren, 366 So.2d 1125 (Ala.1979). The board of adjustment is limited to the authority set out in Ala.Code 1975, § 11-52-80(d):
“The board of adjustment shall have the following powers:
“(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto;
“(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; and
“(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.”
On an appeal de novo under Ala. Code 1975, § 11-52-81, the trial court is limited to the powers given to the board of adjustment under Ala.Code 1975, § 11-52-80(d); City of Homewood v. Caffee, 400 So.2d 375 (Ala.1981).
Asam contends that the trial court erred in granting summary judgment favorable to the defendants on the alleged fraud and the alleged civil rights violations, and in refusing to rezone her property. Ala.Code 1975, § 11 — 52—80(d), however, does not allow the Board to hear these legal claims or to rezone.
Summary judgment is correctly granted when there is no issue of material fact present and the moving party is entitled to a judgment as a matter of law. J. Paul Jones Hospital v. Jackson, Coker & Associates, 491 So.2d 972 (Ala.Civ.App.1986). As the trial court is legally barred from hearing legal claims or from authorizing rezoning, there is no issue of fact which would preclude a summary judgment. Therefore, the trial court did not err in granting summary judgment on these claims.
Asam next contends that the trial court erred in granting a directed verdict for the defendants regarding her request for a special exception to practice law in the apartment as a “home occupation,” and a variance from this special exception permitting her to hire a secretary. According to the Zoning Ordinance of the City of Tuscaloosa, § 35-5(21), a home occupation is defined, in part, as:
“An occupation conducted in a dwelling unit, provided that:
“(a) No person other than members of the family residing on the premises shall be engaged in such occupation;
“(b) The use of the dwelling unit for the home occupation shall be clearly incidental and subordinate to its use for residential purposes by its occupants, and not more than 25 per cent of the floor area of the dwelling unit shall be used in the conduct of the home occupation;
[[Image here]]
*1195 Asam failed to qualify for a home occupation exception in that, according to her own testimony, she did not reside in the same unit in which she intended to practice law at the time of the trial. At a trial de novo under Ala.Code 1975 § 11-52-81, ‘“The scope of inquiry on appeal is the same as before the board of adjustment, ... ’ Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951).” Board of Zoning Adjustment v. Warren, 366 So.2d 1125, 1128 (Ala.1979) (Emphasis in original.) The appellant has the burden of proving again those issues placed before the Board. Board of Zoning Adjustment, supra. Even though Asam may have lived in the apartment in question at the time of the hearing before the Board, she must prove that she was living there at the time of the hearing before the trial court as well. Therefore, there was no error on the part of the trial court in granting a directed verdict against Asam on this issue.
The City’s definition of a home occupation precludes the employment of anyone except “members of the family residing on the premises.” Therefore, Asam requested a variance from this provision to allow her to employ a secretary following her anticipated grant of a home occupation special exception. Because the trial court properly denied the home occupation special exception, this question is moot. Even if Asam still desires to hire a secretary without this special exception, to grant a variance, the Board, or the trial court sitting as the Board, must hear evidence that “a literal enforcement of the provisions of the ordinance will result in unnecessary hardship.” Ala.Code 1975, § 11-52-80(d)(3). Asam’s claim of a hardship was on the factual basis that her mother was ill and needed supervision. It is undisputed, however, that Asam’s mother died before the trial court heard her request for a variance. For such variance, Asam faced “the burden of proving again [her] need for the variance.” Board of Zoning Adjustment, supra at 1127. Asam’s hardship claim lacked a factual basis and her request for a variance was moot.
Asam stated a new hardship existed in that someone was making bomb threats and death threats against her. This basis was not included in Asam’s original claims before the Board and is not allowed. See Caffee. The trial court therefore correctly refused to allow this testimony to be heard by the jury, and properly granted a directed verdict against Asam in her request for a variance.
Asam’s final claim is that the trial court erred in refusing to consider her law practice as a continuation of the prior nonconforming use of the building as a rental office, and in denying her the right to change the prior non-conforming use from a rental office to a law practice. The trial court did not have the authority to hear these claims, because Asam did not follow the correct procedure for appeal. Ala.Code 1975, § ll-52-80(d), grants power to the Board to do three things: (1) to hear appeals from the decisions of zoning officials, (2) to hear special exceptions, and (3) to authorize variances. In her application to the Board, Asam requested a special exception and a variance. If she alleged error in the zoning official denying her request based on prior non-conforming use of the property, her legal recourse was to request an interpretation of the ruling by the full board of adjustment. Ala.Code 1975, § 11-52-80(d)(l).
Additionally, there is testimony that when Asam amended her petition to request rezoning and to request the Board to consider whether her prior non-conforming use of the building as a rental office would allow her law practice, this amended petition was filed untimely for it to be heard by the Board. A zoning officer testified that in order to publish notice of the petitions, a rule was established that any petitions or materials thereon must be received by the Board at least fourteen days before the hearing. Asam presented no evidence that the requests in her amended petition fulfilled the public notice and “due notice to the parties in interest” requirements of Ala.Code 1975, § ll-52-80(c).
The Board, as authorized by Ala.Code 1975, § ll-52-80(b), adopted procedural *1196 rules which state that notice "shall be published one time in a newspaper of general circulation not less than seven (7) days in advance of the hearing date.” This jurisdiction is silent on this point; however, notice is generally considered a jurisdictional prerequisite and a condition precedent to any valid action by the board. 101A C.J.S. Zoning and Land Planning § 188 (1979). The amended petition was not timely received for compliance with the notice requirement, and could not be heard by the Board.
The Zoning Ordinance of the City of Tuscaloosa, § 35-115(c), provides that the Board may, as a special exception, substitute one non-conforming use with another non-conforming use, upon a finding that the proposed use is “equally appropriate.” In her testimony, Asam admitted that she was unaware of this provision when her petition was before the Board. As the issue was never properly brought before the Board, it could not be raised before the trial court on a trial de novo. Caffee. We therefore find no error in the trial court’s denial of Asam’s request to substitute a law office for a rental office.
In reviewing the evidence in a light most favorable to Asam’s position, we cannot say that the trial court erred in granting a directed verdict in favor of the defendants on the issues remaining after the partial summary judgment was granted. See Ex parte Hicks, 537 So.2d 486 (Ala.1988).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.