RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from a motion for summary judgment granted in favor of the City of Daphne (City) and the Board of Zoning Adjustments of the City (Board).
White’s Excavation and Construction Company, Inc. (White), was doing business of a commercial nature in an area of the City which was zoned residential. White used these lots for storage, parking, and some maintenance of heavy equipment. It also operated its office on these premises. The record showed that White had been operating its business at this location since September 16, 1987.
On September 21, 1987, the City adopted its current land use and development ordinance, which superseded all prior zoning ordinances adopted by the City.
In July 1991 Larry Seals, the code enforcement officer for the City, contacted White and informed him that the operation of *423 White’s business in a residential area was contrary to the zoning ordinance adopted by the City in September 1987. The letter further stated that if White could produce documentation that it was in operation prior to the date the ordinance became effective, it could possibly be allowed to continue operating under the grandfather clause of the ordinance. White produced documentation to show that the business had been in operation prior to September 21, 1987.
In August 1991 Seals sent White a letter, stating that his office considered White a business allowed to operate in the residential zone under the grandfather clause of the ordinance.
Thereafter, the neighbor who had complained to the code enforcement officer appealed to the Board. A hearing was held before the Board on July 13, 1992. The Board decided to override the decision of the code enforcement officer that had allowed White to continue to operate its heavy equipment company in a residential area.
White appealed to the circuit court. Each party filed a motion for summary judgment. The circuit court granted the motion for summary judgment in favor of the City and the Board and denied the motion for summary judgment in favor of White.
White appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Initially, we note that an appeal from the decision of a board of zoning adjustment is to the circuit court and is governed by Ala.Code 1975, § 11-52-81, which provides, in pertinent part:
“Any party aggrieved by any final judgment or decision of such board of zoning adjustment may ... appeal therefrom to the circuit court_ In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo.”
Under this statute, the circuit court can examine only those issues which could be properly presented to the Board and is without jurisdiction to try an issue not raised before the Board. City of Homewood v. Coffee, 400 So.2d 375 (Ala.1981).
The first issue is whether White was a business which should have been allowed to operate in a residential zone under the grandfather clause of the ordinance.
Section 7.9 of the ordinance sets out the grandfather clause, which provides, in pertinent part: “Any use of buildings or land existing on the date of adoption of this Ordinance and not in compliance with its provisions shall be allowed to continue as a nonconforming use.”
“Non-conforming use” is defined in the ordinance under section 6.2, which provides, in pertinent part:
“WORDS AND TERMS DEFINED. As used in this Ordinance, the following words and terms shall have the meaning defined:
[[Image here]]
“Non-Conforming Use. A use of land existing lawfully at the time of the enactment of this Ordinance, or at the time of a Zoning Amendment and which does not conform with the regulations of the district in which it is located.”
(Emphasis added.)
Therefore, the question is whether White was operating its business “lawfully” prior to the passage of the new zoning ordinance in September 1987.
Our review of the voluminous record reveals that the prior zoning ordinance was adopted in February 1977 and was in effect until the adoption of the new zoning ordinance in 1987. The lots used by White were also zoned residential under the prior ordinance.
A certified copy of the minutes to the Board’s meeting of July 13, 1992, was filed with the circuit court. In these minutes, the Board discussed at length whether the business operated by White was lawfully operating at the time of the effective date of the new ordinance. In fact, the code enforcement officer appeared at the hearing, and when questioned, he stated that he probably would have determined that White’s business *424 could not continue to operate if he had been aware of the prior zoning map (showing the area to be residential) at the time he made his decision to allow White’s business to continue to operate under the grandfather clause of the new ordinance.
White presented no evidence at the Board’s meeting to indicate that it had been given special permission to operate its heavy equipment business in a residential area under the prior zoning ordinance.
In view of the above, it appears that White’s business was not lawfully operating at the time that the new zoning ordinance went into effect and that, consequently, it could not be allowed to operate in the residential area under the grandfather clause of the new ordinance.
Another issue raised by White is that the action taken by the Board and the City is, in effect, “spot zoning.” White contends that the City and Board are developing the area into a commercial area. White points out that the post office and the building which houses the utility board are located in this area. In addition, the Board had previously granted a variance to the neighbor to operate a nursery.
In reviewing the minutes from the July 1992 Board meeting, we note the fact that the post office and utility board building were located in this area, as well as the fact that the neighbor had been given a variance to operate a nursery, were discussed. It was pointed out during the course of the meeting that these differed from the operation of a heavy equipment business in a residential area. There was no other indication of any other commercial ventures in this area which was zoned residential. Hence, it appears from the record that these establishments (the post office and the utility board building) were not considered to be commercial establishments within the meaning of the zoning ordinance. Clearly, there was no contrary proof that these were commercial buildings within the meaning of the zoning ordinance. Therefore, there was no showing of “spot zoning.”
White raises two other issues. White contends that the City, the Board, and the neighbor failed to act in a timely manner and that, consequently, this action is barred by laches. White also contends that the City has condemned or “taken” his property without awarding any compensation for the “taking.” However, we have read the certified minutes of the Board’s meeting on July 13, 1992, and neither of these issues was raised at that hearing. These issues were not raised before the Board and, therefore, cannot be considered on appeal. City of Homewood, 400 So.2d 375. Further, we have considered Ex parte Lake Forest Property Owners’ Association, 603 So.2d 1045 (Ala.1992), and find that the exceptions to the exhaustion doctrine listed therein are inapplicable in the present case.
This court would point out that the record is not a paragon of clarity. We also note that it does not appear that a hearing was held as contemplated by Rule 56(c)(2), A.R.Civ.P. Further, the trial court did not enter any findings or conclusions as to the reasons for the granting of the motion for summary judgment in favor of the City and the Board. Additionally, we observe that, possibly because of the above, the briefs presented to this court were not overly precise.
In any event, based upon the reasons set out above, this court cannot say that the circuit court erred to reversal when it granted the motion for summary judgment in favor of the Board and the City and denied the motion for summary judgment in favor of White.
This case is due to be, and is, AFFIRMED.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.