## McCAA & FOSTER vs. GRANT.

[MOTION TO SET ASIDE ENTRY OF SATISFACTION OF JUDGMENT IN PROBATE COURT, BY ATTORNEYS AT LAW, CLAIMING LIEN ON THE JUDGMENT FOR PROFESSIONAL SERVICES.]

1. *Motion to set aside entry of satisfaction of judgment; when attorneys can not make.*—Attorneys-at-law, employed by plaintiff, in a decree of the probate court, rendered on final settlement of a guardianship, to collect the amount of money mentioned in said decree, at a stipulated fee for their services, and who had no connection with the case until said decree was rendered, but who had succeeded in enforcing the payment of money thereon, which did not come into their hands, or the possession of the court, have no right to go into said probate court, and by motion therein, in their own names as plaintiffs, against the defendant on said decree, have set aside an entry of satisfaction in full, except costs, which had been made by order of plaintiff, on an execution issued to the sheriff, while the same was in his hands.

2. *Attorney's fees; when not a lien on judgment.*—Fees of attorneys for services rendered, in enforcing the payment, on a decree in the probate court, on a guardian's final settlement, are not a lien on such decree in that court, when the money so paid, is not paid to them.

APPEAL from Probate Court of Marengo.
Tried before the Hon. THOMAS J. WOOLF.

THE facts in this case are as follows : On the 11th day of February, 1861, Walter H. Grant made his final settlement in the probate court, of his guardianship of Jesse Jones. On the settlement, the court rendered judgment against said Grant, and in favor of Jesse Jones, his late ward, for the sum of $2,666.08, with interest thereon, from January 20th, 1861.

On this judgment, three executions were issued, and on the last of these, the sheriff makes this return : " This *fi. fa.* satisfied, by order of the plaintiff herewith filed, as to principal and interest, October 24th, 1867." The order referred to in the return, is as follows: " Jesse Jones *v.* W. H. Grant. The defendant, W. H. Grant, having paid and satisfied to me, the principal and interest in the above

McCaa & Foster v. Grant.

case, the sheriff will satisfy the same in full, except as to costs, and this shall be his, the sheriff's, authority for the same. Linden, October 24th, 1867." Signed, "J. R. Jones," and attested by two witnesses. On the 31st March, 1868, after entry of satisfaction as above, McCaa & Foster, attorneys, and the appellants in the suit, came into the probate court of Marengo, in which said decree was rendered, and in their own names, as plaintiffs, moved the court "to set aside the entry of satisfaction made on the execution docket, in this court on the 24th day of October, 1866, by L. B. Farthing, sheriff," on the ground that "said McCaa & Foster were the attorneys of the plaintiff in said decree against said Grant, as above set out," and they, as said attorneys, "had, with the full knowledge of the defendant, and also of the sheriff, a lien on said judgment, for their attorneys' fees, which said lien is still unsatisfied." From the bill of exceptions, taken on the trial of the motion, it appears that McCaa & Foster were not the attorneys for said Jones, at the time of the rendition of the decree against Grant, but were first employed by Jones, about the 1st June, 1866, after which they superintended the collection of said decree, and succeeded in causing a payment thereon, of five hundred dollars at one time, and fifty at another. Jones gave them an order on Grant for the sum of $1,184.20, the amount of fees agreed on, and directed the same, when paid, to be credited on the execution issued in said decree. The order was dated February 9th, 1867, and both Grant and the sheriff, in whose hands the exection was, had notice of it, as also that said McCaa & Foster considered this claim for fees, a lien on said judgment. It was also proven that said McCaa & Foster presented said order to Grant, who declined to accept it in writing, but promised to pay the amount of moneys due to Jones on said decree, and said Grant was informed at the time, that plaintiffs claimed the sum of money as due them for attorneys' fees, for services rendered in said case. After the order was given and presented as aforesaid, Grant gave Jones his promissory note for the balance due on said decree, and thereupon entry of satisfaction was made as before said. It was also shown

that Grant had failed and refused, and still failed and refused to pay to the plaintiff said attorneys' fees, claimed as aforesaid. The court overruled and refused the said motion, and taxed the plaintiffs with costs, to which ruling the plaintiffs excepted.

The judgment of the probate court is now assigned as error.

EUGENE McCAA, for appellants.—An attorney has a lien on a judgment recovered by him for cost. To the extent of his cost, he is regarded as the assignee of the judgment. *Wilkins v. Batterman*, 4 Barber, 47.

Besides the lien on papers and upon funds collected, an attorney has a lien upon the judgment or decree recovered for services rendered in procuring such judgment.—*Per* WALKER, C. J., in *Warfield v. Campbell*, 38 Ala. 527.

" We feel constrained to maintain that proposition (that is, that the attorney's lien extends to fees of counsel not embraced in the taxed cost), because it best comports with the principles of justice, out of which an attorney's lien springs.

"An attorney's lien is founded in natural equity, which forbids that a party should enjoy the fruits of the cause without satisfying the legal demands of his attorney. Every reason, therefore, upon which the lien was founded in England, applies to counsel fees in this country, and the lien should be incorporated in our jurisprudence as security for compensation of counsel."— *Warfield v. Campbell, supra.*

The settlement made between Walter H. Grant and Jesse R. Jones, and the receipt given on the execution docket of the court below, did not effect the lien of Messrs. McCaa & Foster on the judgment or decree for their fees, for the following reasons :

1. Walter H. Grant had notice of the lien of McCaa & Foster.

2. Walter H. Grant had accepted notice in writing not to pay any money to Jesse R. Jones, until the lien for counsel had been satisfied.

3. Walter H. Grant had notice of the claim of McCaa & Foster for services in the cause, and had agreed to pay

the same out of the money due on the judgment or decree in favor Jesse R. Jones.

4. The receipt was made on the execution docket of the court below, without the knowledge of McCaa & Foster, and was a fraudulent collusion between Grant and Jones to defraud them out of their fees.

The authorities to sustain these points, see 1 Bacon's Abridg. 504 and 506 ; *Andrews v. Morse*, 12 Conn. 444 ; see Conn. Digest, under head of Lien, p. 537 ; *Martin v. Hawks*, 4 Johns. 405 ; *Wilkins v. Batterman, supra ; Sweet v. Sandford*, 4 Sandf. 661 ; *Hard v. Wordsworth*, 1 E. D. Smith, 598 ; Abbott's New York Digest, under head of Attorney and Client.

C. H. MORSE, *contra.*

PETERS, J.—This is a proceeding in a court of probate, in which the jurisdiction is limited to the matters submitted to it by the statute. It is unlike a court of equity, where the jurisdiction is very much broader and flexible. The case in 38 Ala. 527, was a suit in equity, which seizes with its jurisdiction, not only the thing in controversy, but opens its proceedings to let in all the parties who may have any interest in its disposition. Therefore, the principles which come into force in a court of chancery, and may be a part of the law as administered in that court, are often not applicable in the court of probate. This is the case in this instance. The appellants, by a motion in their own names in the court of probate, sought to make themselves parties, and ask relief in a proceeding growing out of a guardian's final settlement, and to introduce into that court, the discussion of a question which was wholly foreign to the jurisdiction committed to it by law. This would have the effect to open the proceedings in that court, to let in parties unconnected with any issue pending in it, and upon a subject matter it could not adjudicate— that is, to settle whether attorneys-at-law have a lien upon a decree of final settlement of a guardian in the probate court, for fees due them for services rendered as attorneys, in superintending the collection of the sum mentioned in

such decree.   Under the facts exhibited by the record in this case, we have no hesitency in declaring that no such lien exists.   And if it did exist, it could not be enforced in that court in the manner here proposed.   The case of *Warfield v. Campbell*, 38 Ala. 527, which is much relied on by the learned counsel for the appellants, needs limitation, before it can be regarded as settled law and a rule of decision in all the courts of this State, in the language in which the opinion is announced.   It has no application here.—Revised Code, § 790, 796; *Jones et al. v. Jemison et al.*, 4 Ala. 632; *Wayman et al. v. Campbell et al.*, 6 Port. 219; 40 Ala. 530, and 1 Story Eq. § 28, *et seq.*; *Long v. Lewis*, 1 S. & Port. 229; 1 Story Eq. § 506; *Donald & Co. v. Hewitt*, 33 Ala. 534.

The judgment of the court below is affirmed.