In April, 1928, the Mayfair Land Company filed in the Probate Office of Jefferson County, Alabama, a subdivision plat known as the Survey of Mayfair, and situated within the City of Homewood, Alabama. This survey contained approximately 210 lots, of which 161 residential lots are less than 65 feet in width. On April 29, 1929, Charles A. Fell purchased Lot 31, and built a residence thereon. In September of 1937, Fell bought Lot 32, and subsequently acquired Lot 30 in December of 1940. All three lots are 60 feet wide at their building line.
On December 11, 1961, The City of Homewood, Alabama, adopted a zoning ordinance which provided, inter alia, as follows: "The minimum lot size in the R-2 District shall be: Area in square feet, 7,500; width [in] feet at building line, 65."
Charles A. Fell died in 1969 and title to Lots 30, 31, and 32 was vested in the co-trustees under his last will and testament. The co-trustees of the Charles A. Fell trust listed all three lots with Appellee, Charles E. Caffee, for sale. Caffee was unable to sell the house and all three lots to a single purchaser and, in order to effect a sale of the home on Lot 31, he purchased Lots 30 and 32 in his own name. Thereafter, Caffee sought to obtain building permits for separate structures on Lots 30 and 32. The request was directed to the Building Regulations Superintendent of Homewood, and sought a five-foot variance on Lots 30 and 32 from the required minimum width at the building line of 65 feet.
At the time Caffee applied for the building permits and the five-foot variance on Lots 30 and 32, the City of Homewood had no designated Board of Zoning Adjustments. Approximately five months later, such a body was instituted by the Homewood City Council. On October 13, 1977, despite an affirmative vote by the Board of 3 to 2, the requested relief for a variance *Page 377 
was denied.[1] Thereafter, Caffee appealed this order of denial to the Circuit Court of Jefferson County. During the pendency of this appeal, Caffee instituted a separate and distinct cause of action in the Jefferson County Circuit Court alleging theunconstitutionality of the Homewood zoning ordinance as applied to him.
On March 20, 1980, with Caffee's appeal from the Board of Zoning Adjustment's decision still unresolved, the circuit court in the cause now before this Court entered a judgment which, inter alia, declared: 1) The Homewood ordinance under which Caffee was denied his permits was unconstitutional in its application to Caffee; 2) the action of the City of Homewood in denying Caffee's request for a variance was discriminatory and violative of the equal protection and due process clauses of the Alabama and United States Constitutions; and, 3) the action of the Board of Zoning Adjustments was not "fairly debatable" and was arbitrary and capricious. (See, Jefferson County v.O'Rorke, 394 So.2d 937 (Ala. 1981)).
The City's motion for a new trial or application for rehearing was denied on May 5, 1980. Thus, the City appeals. We affirm.
I. JURISDICTION OF THE CIRCUIT COURT.
At the outset, the City asserts that the trial court erred by assuming jurisdiction of this cause while at the same time allegedly ignoring the existence of Caffee's appeal to the circuit court from the adverse decision of the Homewood Board of Zoning Adjustments. Stated another way, the City contends that the circuit court was without jurisdiction to consider Caffee's constitutionally grounded claims because Caffee had then pending another action attacking the denial of the variance by the Homewood authority. We disagree.
Summarily stated, Appellant's position is that a court which first assumes jurisdiction of a cause must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals where the subject matter involved is within the competency of the court first assuming jurisdiction.Ex parte State ex rel. Ussery, 285 Ala. 279, 231 So.2d 314
(1970). While this is a correct statement of the general rule, it must, in this case, be juxtaposed with § 11-52-81, Code 1975, which reads in pertinent part:
 "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court . . . and the action in such court shall be tried de novo." (Emphasis added.)
The nature and scope of this statute was discussed in Nelsonv. Donaldson, 255 Ala. 76, 80, 50 So.2d 244, 248 (1951), wherein Justice Lawson stated:
 "The inquiry in the circuit court is neither enlarged nor diminished by appeal. The scope of inquiry on appeal is the same as before the board of adjustment, though the circuit court is a court of general jurisdiction. In other words, under our statute the authority of the circuit court on appeal to permit a variance from the terms of the ordinance is the same as that conferred on the board of adjustment. . . ." (Emphasis added.)
Consequently, on an appeal pursuant to § 11-52-81, the scope of inquiry by the circuit court is limited to only those issues which could be properly presented to the Board of Zoning Adjustments. Justice Maddox, speaking for this Court in Boardof Zoning Adjustment, etc. v. Warren, 366 So.2d 1125, at 1128 (Ala. 1979), stated: "The circuit court is without jurisdiction to try issues not raised before the board."
The practical effect of this statute is to require the circuit court to sit as a "glorified board of adjustment."Nelson, 255 Ala., at 80, 50 So.2d 244. Thus, if Caffee has valid claims not cognizable before the zoning board, he will likewise be precluded *Page 378 
from litigating these claims to the circuit court on appeal pursuant to § 11-52-81. Southern Rock Products Co., Inc. v.Board of Zoning Adjustment of City of Trussville, 282 Ala. 186,210 So.2d 419 (1968).
Appellee's assertions in this cause are grounded on claims of discrimination, denial of due process and equal protection as well as the alleged unconstitutionality of the Homewood ordinance as applied to Appellee. In Watson v. Norris, 283 Ala. 380, 217 So.2d 246 (1969), it was stated that an administrative body has no power to declare an ordinance unconstitutional. The powers of the board are specifically limited to those contained in Code 1975, § 11-52-80.
We conclude, therefore, that, because the Board of Zoning Adjustments was without authority to consider any constitutional attack on the Homewood ordinance, Caffee's constitutional challenge to that ordinance in the circuit court was not precluded by the City's claims of "identical issues" in both proceedings. Consequently, the circuit court did not err by assuming jurisdiction of this cause during the pendency of Caffee's appeal from the action of the Board of Zoning Adjustments.
In Watts v. City of Wiggins, 376 So.2d 1072 (Miss. 1979), it was stated, and we agree, that a property owner "may not seek a change in a classification of property under a zoning ordinance and at the same time [and in the same proceeding] attack [the constitutional] validity." In Watts, supra, the petitioner sought to bring his request for a variance and his constitutional claims in the same proceeding. In rejecting this attempt, the Watts Court stated that if the claimant wished to attack the constitutional validity of the ordinance, he should do so in a subsequent, independent proceeding. Here, the property owner has heeded the Watts' admonition.
II. QUALIFICATION OF THE TRIAL COURT'S ORDER.
The City next contends that it was error for the trial court to order that a building permit be granted without first qualifying its order upon compliance by Caffee with the applicable regulations and specifications contained in Homewood's Municipal Code. The City further asserts that, by virtue of the trial court's "cryptic" order, Caffee will not be required to pay the usual permit fees; and, in addition, Appellee will be in violation of a restrictive covenant contained in his deed requiring a 40-foot setback. (Appellee's initial plans provided for a 39-foot setback.)
At the risk of also sounding "cryptic," we believe we can satisfy the city's instant concern by observing that the scope of the trial court's order is limited to the issue presented and tried by the parties, i.e., the 65-foot width requirement. Necessarily, issuance of the permit under the trial court's order is conditioned upon Appellee's compliance with all the applicable regulations of the Homewood Municipal Code, other than the 65-foot width requirement found to be unconstitutional and unenforceable as against Mr. Caffee.
We have carefully considered each of the remaining issues raised by the City and find them to be without merit.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] While the recorded vote of the Board members was 3-2 in favor of granting Appellee's request for a variance, the motion was defeated under a requirement that a motion receive at least 4 votes in order to pass.