We granted the writ of certiorari to the Court of Civil Appeals primarily because of the peculiar history and combined posture of this case and a collateral proceeding between these same parties. The background facts giving rise to both cases are adequately set out by the Court of Civil Appeals' opinion.Averyt v. City of Mobile Fire Department, 487 So.2d 909
(Ala.Civ.App. 1985) (Averyt II). A brief sketch of the pertinent procedural history will suffice for an understanding of the issue here presented. From an adverse finding of the Mobile County Personnel Board, upholding his discharge as a city firefighter, Clyde K. *Page 913 
Averyt appealed to the circuit court. While that appeal was pending, Averyt filed a collateral suit in circuit court, alleging certain constitutional violations arising out of the same operative facts, and then moved for consolidation of the two cases. This motion was denied.
From an adverse ruling by the trial court dismissing the collateral suit, he appealed. The Court of Civil Appeals affirmed, holding that, because the "constitutional" issues were not presented by Averyt and heard by the Personnel Board, such issues could not be raised by collateral action in the state courts. Averyt v. Doyle, 456 So.2d 1096 (Ala.Civ.App. 1984) (Averyt I). Averyt then filed in this cause a "Motion to Amend Issues for Review on Appeal" in the circuit court and for an "evidentiary hearing," and requested the court to amend its previous order establishing issues to be reviewed on appeal to include the constitutional questions and claims of Averyt which had been raised in the prior collateral action. In the alternative, Averyt requested the trial court to refer the matter back to the Personnel Board for an evidentiary hearing on the constitutional questions involved.
These motions were denied and, after arguments of counsel for the respective parties, the circuit court affirmed the Personnel Board's order of dismissal. The Court of Civil Appeals affirmed, holding in effect that the circuit court, on appeal of this matter from the Personnel Board, was an improper forum to try the alleged constitutional challenges, because such issues had not been raised initially before the Board.
We begin our analysis of this "Catch 22" situation by observing that this "derailed train" undoubtedly could have been placed back on its "track" if Averyt had petitioned this Court for review of the Court of Civil Appeals' opinion inAveryt I affirming the dismissal of his collateral suit. Instead, he chose to follow, as best he could at that point in the administrative appeal proceeding, the mandate of the Court of Civil Appeals, and was ultimately told that the circuit court's jurisdiction in the instant direct appeal could not be enlarged to embrace issues not within the purview of the Board from whose ruling the appeal was taken.
Understandably, Petitioner now seeks relief from this Court, with the fervent plea that, in spite of his multiple, alternative efforts, he is yet to be heard on the merits of his constitutional claim. We agree and reverse the Court of Civil Appeals' judgment and remand this cause with instructions.
In so holding, we acknowledge that we are invoking the supervisory powers of this Court in order to prevent a possible miscarriage of justice. This is not to say that we have made any determination or express any opinion on the ultimate merits of Petitioner's alleged constitutional issues. What we are saying is that, by attempting to follow the mandate of AverytI, affirming the dismissal of his collateral suit, Petitioner found himself procedurally trapped and thus denied the right to be heard — a holding affirmed by the Court of Civil Appeals inAveryt II.
We further acknowledge, as we suggested earlier, that, if Averyt had petitioned this Court for review in Averyt I this procedural dilemma could have been avoided. We say this without any degree of equivocation because of the settled proposition that Averyt's collateral suit was not only proper, but it was the only avenue available for his presentation of the constitutional issues raised therein. Indeed, the Court of Civil Appeals in Averyt II (the instant case) correctly
observed that "[t]he standard of review in the circuit court [on appeal from the Personnel Board] is in effect that of certiorari, and is limited to a review of the record made before the Board and the legal questions presented thereby," citing City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App. 1985).
Shortly thereafter, however, the opinion states, "Averyt concedes that he did not present the constitutional issues before the Board." Thus, the Court of Civil Appeals incorrectly
concluded that his failure to raise the constitutional issues before the *Page 914 
Board barred consideration of such issues by the circuit court on appeal. To be sure, the circuit court's consideration of the constitutional issues was barred, but for the more fundamental reason that its jurisdiction is limited to a consideration of issues properly raised and made of record before the Board, and those do not include constitutional issues. In other words, only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could Averyt's constitutional challenges be raised and presented for determination.
This precise issue was addressed in City of Homewood v.Caffee, 400 So.2d 375 (Ala. 1981), where the Court said: "Thus, if [petitioner] has valid claims not cognizable before the [administrative board], he will likewise be precluded from litigating those claims to the circuit court on appeal pursuant to [the authorizing statute]."
We think it is fundamentally unfair to conclude, with an air of indifference, that Petitioner, by choosing not to seek review in Averyt I, was "hoist with his own petard" when, pursuant to Averyt I's mandate, an opportunity was still open for him to abide the law of the case and amend the pending administrative case on appeal before the circuit court. Accordingly, as we have seen, this, too, proved unsuccessful.
To correct a possible injustice, then, we must provide a remedy where, in the ordinary case, none exists. Ordinarily, because the collateral suit was the appropriate remedy and that suit is now extinct, we would be bound to affirm (or deny review of) the instant Averyt II. But this is not an ordinary case; and its extraordinary character, not of the Petitioner's making or choosing, cries out for extraordinary relief. Therefore, we reverse the judgment and remand this cause to the Court of Civil Appeals for an order reversing the judgment below and remanding the cause to the trial court for a trial de novo upon all the issues Averyt sought to present there in the same manner as if the general jurisdiction of the circuit court had been invoked.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MADDOX, FAULKNER, JONES, ADAMS and HOUSTON, JJ., concur.
BEATTY, J., concurs in the result.