This is an appeal from an order entered by the Jefferson Probate Court denying appellants' petition to incorporate Center Point, Alabama, pursuant to Code of 1975, § 11-41-1.
Appellants are inhabitants of the unincorporated community of Center Point; they petitioned the probate court under § 11-41-1
seeking an order incorporating Center Point as a municipal corporation. By the last paragraph of their petition, appellants purported to challenge the constitutionality of §11-41-1: "By filing this Petition to Incorporate a Municipality, the Petitioners are hereby challenging the constitutionality of Section 11-41-1 of the Code of Alabama (1975) as amended." No other parties were joined in the probate court proceeding. That court entered the following order denying appellants' petition:
 "A Petition to incorporate a municipality known as Center Point, Alabama, having been presented to the Court, and the Court having reviewed same, is of the opinion, and it is so Ordered that the Petition be and hereby is denied as said territory to be incorporated is within three miles of the corporate limits of an existing City."
From the above order, appellants filed in the probate court a notice of appeal to this Court, naming the State of Alabama as appellee. In their notice of appeal, appellants noted that they were "questioning [the] constitutionality of Section11-41-1 of Code of Alabama (1975) as amended." The probate court entered another order "granting" the appeal, and that court subsequently transmitted the notice of appeal to this Court. Apparently, this notice of appeal was served on the Attorney General, for that office has filed an appellee's brief with this Court.
The only ground argued as a basis for reversing the order entered below is appellants' contention that § 11-41-1 is constitutionally *Page 468 
infirm. For the reasons set out below, this appeal is due to be dismissed.
The first problem concerns the jurisdiction of the probate court to adjudicate the constitutionality, vel non, of a state statute. Section 11-41-1 confers on the probate court the jurisdiction to entertain petitions to incorporate, such as the one filed by appellants in this case, and to enter an order pursuant thereto when the requirements of § 11-41-1 are shown to have been met. However, we have found no authority on which to base the conclusion that the probate court had jurisdiction to adjudicate the constitutionality of the very statute that conferred jurisdiction on that court to entertain the appellants' petition. See Constitution of Ala., Amend. No. 328, § 6.06, as amended by Amendment No. 364; and Code of 1975, §12-13-1. The jurisdiction of the probate court is limited to the matters submitted to it by statute. Mosely v. Tuthill,45 Ala. 621 (1871); McCaa v. Grant, 43 Ala. 262 (1869). CompareBroughton v. Merchants National Bank of Mobile, 476 So.2d 97
(Ala. 1985). However, in order to present the constitutional issue to this Court, appellants must have raised that issue in a court below having the jurisdiction to adjudicate the issue.
This Court addressed this problem of jurisdiction in City ofHomewood v. Caffee, 400 So.2d 375 (Ala. 1981), and, most recently, in Ex parte Averyt, 487 So.2d 912 (Ala. 1986), except that, in those cases, the question concerned the jurisdiction of a zoning board (Caffee) and a personnel board (Averyt) to entertain constitutional issues. We reiterate the rule applied in both of those cases:
 "[I]f [appellants] ha[ve] valid claims not cognizable before the [probate court], [they] will likewise be precluded from litigating those claims to [this Court] on appeal. . . ."
Caffee, 400 So.2d at 378; Averyt, 487 So.2d at 914. "In other words, [the probate court having denied their petition to incorporate], only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could [appellants'] constitutional challenges be raised and presented for determination." Averyt, supra.
Moreover, in a proceeding in which the constitutionality of a state statute is challenged, Code of 1975, § 6-6-227, requires that "the attorney general of the state shall also be served with a copy of the proceedings and be entitled to be heard." This Court has determined that "service on the Attorney General, pursuant to § 6-6-227, is mandatory and jurisdictional," regardless of whether appellants' action was brought as a declaratory judgment action. Barger v. Barger,410 So.2d 17, 19 (Ala. 1982): "[I]t seems only reasonable and logical that [by § 6-6-227] the legislature intended to cover other than original declaratory judgment actions." See also Guyv. Southwest Alabama Council on Alcoholism, 475 So.2d 1190
(Ala.Civ.App. 1985). The record in this case does not disclose that the Attorney General was served in the trial court with "a copy of the proceeding" as required by § 6-6-227.
For the foregoing reasons, the only issue raised by this appeal is not properly before this Court. Accordingly, the appeal is due to be dismissed.
APPEAL DISMISSED.
MADDOX, ALMON and HOUSTON, JJ., concur.
TORBERT, C.J., concurs in the result.