EDWARD N. SCRUGGS, Retired Circuit Judge.
An employee of the Mobile Housing Board (employer) has appealed from a circuit court judgment which affirmed his dismissal by the Personnel Board of Mobile County (Board).
The employee raises constitutional questions before us which were not presented to the Board or to the circuit court. The jurisdiction of the circuit court was limited to a consideration of the issues which were properly raised and made of record before the Board, and those issues did not include any constitutional questions; accordingly, only by invoking the general jurisdiction of the circuit court by means of a collateral suit could the employee’s constitutional challenges be raised and presented. Ex parte Averyt, 487 So.2d 912 (Ala.1986). In short, those particular issues cannot be heard on this appeal.
We now consider the contention of the employee that the order of the Board which sustained his dismissal was not supported by substantial evidence. That dismissal was predicated upon the Board’s findings that the employee failed to obtain an authorized leave of absence from his employer and that he willfully refused to disclose *457 information upon which the employer could reasonably determine the justification for his action.
The reviews of both the circuit court and this court are limited to a search and study of the record before the Board, and the Board’s order must be affirmed by both reviewing courts if such order was supported by substantial evidence, that being a rational basis for the conclusions reached by the Board. City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985). After a review of the record of the Board, we conclude that substantial evidence supported its decision.
The employee applied for and was granted military leave by his employer from May 9 through May 23, 1986. He was to report back to work on May 27th since the 24th and 25th were weekend days and the 26th was a holiday. The employee testified that he had been placed on hold by the military for disciplinary action and that on May 23rd he notified his job supervisor of that fact and informed the supervisor that he could not be at work on May 27th. The supervisor testified that he did not receive anything from, or hear from, the employee until late in the afternoon of May 27th, at which time the employee was already absent without leave from his employment. The person in charge of internal personnel for the employer stated that he did not receive notice until May 29th that the employee was being detained by the military. While he was under detention, the employee was not incarcerated, and he had access to telephones and was allowed to leave his military post at Keesler Air Force Base in Biloxi, Mississippi, on weekends and evenings.
The employee did not return to work with his employer until June 24th. On June 24th, he refused to inform his employer of the nature of the military charges which had been made against him. Thereafter, at his disciplinary hearing before his employer on June 26, 1986, he still refused to provide such information on advice of his military counsel. The employee stated at that hearing in substance that what happened between him and the government was his business and was not relevant to the hearing. Later, at the hearing before the Board, his military commander testified that the employee had been charged by the military authorities with larceny of over $400. By agreement between the employee and the judge advocate, the employee resigned from the service, and the charges were dropped simultaneously with his discharge, which was effective on June 25, 1986.
The evidence conflicted as to when the employee notified his employer that he could not return to work on May 27th. According to his supervisor, he was already absent without leave when that notification was received on May 27th. Also, there was no evidence that he obtained an authorized leave of absence from his employer for the period of May 27th through June 24th, or for any portion of that period. The Board resolved the notification conflict against the employee. We conclude that there was a rational basis for the Board’s two principal findings and that substantial evidence supported the Board’s order.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.