The Docena Fire District, which had been established in 1974 pursuant to Act 79, Ala. Acts 1966, Special Session, as amended ("Act 79"), was later abolished pursuant to Act 79 by the Judge of Probate of Jefferson County, Alabama, on December 2, 1988. Thereafter, the Board of Trustees of Docena Fire District moved to intervene in the action that had been brought to abolish the fire district, alleging several procedural and constitutional grounds. The judge of probate granted the motion to intervene, heard the intervenors' motion to reconsider his order abolishing the Docena Fire District, and denied the motion to reconsider. The Docena Fire District appealed to the circuit court. Willie Rucker, for himself and members of a class made up of residents within the jurisdictional boundaries of what had formerly been the Docena Fire District (hereinafter referred to simply as "Rucker"), moved to dismiss the appeal and filed an answer and a counterclaim for injunctive relief and monetary damages. The trial court noted in its order that the petition to abolish the fire district stated that the Docena Fire District was created in 1974 pursuant to Act 79, that there had been no election to abolish the fire district within a two-year period, and that Docena Fire District had no indebtedness. The trial court also noted that the chairperson of the Jefferson County Board of Registrars had certified that 129 registered voters signed a petition to call an election to determine whether to abolish the district, and *Page 424 
that the judge of probate had found that there were 127 votes cast for, and five votes against, abolishing the Docena Fire District.[1] The trial court found that there was no right to contest an election held under Act 79 (Parker v. Mt. Olive Fire Rescue District, 420 So.2d 31 (Ala. 1982)). The trial court dismissed Docena Fire District's appeal on the basis of Parkerv. Mt. Olive Fire Rescue District, concluding that the appeal was an attempt to contest the election to abolish the Docena Fire District; and the trial court held that it had no jurisdiction with respect to the matters asserted in Rucker's counterclaim. Docena Fire District appeals and presents these issues for review:
 "I. Whether Act 79 should be construed in accordance with the Alabama Constitution of 1901, Article I, Section 33 ['The privilege of suffrage shall be protected by laws regulating elections, and prohibiting, under adequate penalties, all undue influences from power, bribery, tumult, or other improper conduct'].
 "II. Whether Act 79 violates the mandate of the Alabama Constitution of 1901, Article VIII, Section 190. [This section was amended by Amendment 41, effective July 21, 1939.[2]]
 "III. Whether Act 79 provides the Board of Trustees for the Docena Fire District the protection guaranteed them by the Fourteenth Amendment to the United States Constitution ['[N]or shall any state deprive any person of life, liberty, or property, without due process of law']."
Initially, we must determine whether the issues raised on appeal are properly before this Court. All of the issues raised concern the validity of Act 79 in light of certain provisions of the Alabama Constitution and the United States Constitution. In order for this Court to review the constitutionality of a legislative act, the appellant must have raised that issue in a court below that had jurisdiction to adjudicate the issue.Wallace v. State, 507 So.2d 466 (Ala. 1987). Docena Fire District raised Issue III in the probate court. Did the probate court have jurisdiction to adjudicate this constitutional issue? In Wallace v. State, supra, Justice Beatty wrote:
 "The first problem concerns the jurisdiction of the probate court to adjudicate the constitutionality, vel non, of a state statute. Section 11-41-1 confers on the probate court the jurisdiction to entertain petitions to incorporate, such as the one filed by appellants in this case, and to enter an order pursuant thereto when the requirements of § 11-41-1 are shown to have been met. However, we have found no authority on which to base the conclusion that the probate court had jurisdiction to adjudicate the constitutionality of the very statute that conferred jurisdiction on that court to entertain the appellants' petition. See Constitution of Ala., Amend. No. 328, § 6.06, as amended by Amendment No. 364; and Code of 1975, § 12-13-1. The jurisdiction of the probate court is limited to the matters submitted to it by statute. Mosely v. *Page 425 Tuthill, 45 Ala. 621 (1871); McCaa [ Foster] v. Grant, 43 Ala. 262 (1869). Compare Broughton v. Merchants National Bank of Mobile, 476 So.2d 97
(Ala. 1985). However, in order to present the constitutional issue to this Court, appellants must have raised that issue in a court below having the jurisdiction to adjudicate the issue.
 "This Court addressed this problem of jurisdiction in City of Homewood v. Caffee, 400 So.2d 375 (Ala. 1981), and, most recently, in Ex parte Averyt, 487 So.2d 912 (Ala. 1986), except that, in those cases, the question concerned the jurisdiction of a zoning board (Caffee) and a personnel board (Averyt) to entertain constitutional issues. We reiterate the rule applied in both of those cases:
 " '[I]f [appellants] ha[ve] valid claims not cognizable before the [probate court], [they] will likewise be precluded from litigating those claims to [this Court] on appeal. . . .'
 "Caffee, 400 So.2d at 378; Averyt, 487 So.2d at 914. 'In other words, [the probate court having denied their petition to incorporate], only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could [appellants'] constitutional challenges be raised and presented for determination.' Averyt, supra." (Emphasis original in Averyt.)
507 So.2d at 468. The probate court did not have jurisdiction to adjudicate Issue III; therefore, that issue is not properly before this Court.
Docena Fire District did not raise Issues I and II in the probate court, which was the trial court, but only in the circuit court, after appeal from the probate court to the circuit court. There is nothing in Act 79 pertaining to an appeal from the order of the probate court issued pursuant to Act 79. Therefore, the general statute pertaining to appeals from the probate court is applicable. Alabama Code 1975, §12-22-20, provides, in pertinent part:
 "An appeal lies to the circuit court or supreme court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge. . . ."
This section does not allow a trial de novo in the circuit court. Prestwood v. Prestwood, 395 So.2d 8, 13 (Ala. 1981). Therefore, the circuit court acts in its capacity as an appellate court when an appeal is taken from the probate court to the circuit court under § 12-22-20. Issues not raised before the trial court may not be raised for the first time on appeal.Green v. Taylor, 437 So.2d 1259 (Ala. 1983).
For the foregoing reasons, the appellants' constitutional issues are not properly before this Court.
Docena Fire District could have invoked the general jurisdiction of the circuit court by way of a collateral suit to properly raise its constitutional challenges. Wallace v.State, supra; and Ex parte Averyt, supra.
Therefore, this appeal is due to be dismissed.
APPEAL DISMISSED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Act 79 provides, in pertinent part, as follows:
 "Section 15. Any district created hereunder may be abolished in the manner provided for in this Section 15; provided, however, that no district shall be abolished when it has any indebtedness.
 "Upon the petition for abolition of a district, conforming to the requirements set forth below, being filed with the Probate Judge, he shall order an election on abolition of the district to be held in the district within the time provided for by Section 4, at which qualified electors residing within the district shall be entitled to vote. The number of qualified electors residing in the district signing the said petition shall not be less than the smaller of these two numbers: one hundred (100), or a number equal to ten percent (10%) of the qualified electors residing within the district. It shall contain a recital that the district is not indebted; and it shall request the Probate Judge to order an election on whether the district shall be abolished. Upon the officers canvassing the returns of the election certifying that abolition of the district was approved by a majority of the votes cast at the election, the district shall be abolished.
 "No election to abolish a district shall be held at any time within two years following the date of the election creating the district; and not more than one election on the abolition of a district shall be held within a period of two years."
[2] "[A]ll such [election] laws shall be uniform throughout the State."