STEAGALL, Justice.
Carol Dolan, Barbara Schneider, William Schneider, Kathy Buckson, and Jan Yoder (hereinafter collectively referred to as “Do-lan”), residents of the Lake Forest subdivision in Daphne, Alabama, petitioned the Baldwin Circuit Court for injunctive relief against the City of Daphne in order to prevent the removal of certain nonconforming signs located within the subdivision. The signs had been erected before the annexation of the subdivision by the City of Daphne and were located on municipal property after annexation. Dolan first sought a variance from a city ordinance prohibiting the signs, which the Board of Adjustment of the City of Daphne denied. Dolan then petitioned for injunctive relief, alleging that the signs were exempt from the city ordinance, because of a “grandfather” clause, and challenging the constitutionality of the ordinance. The circuit court granted a temporary restraining order pending a full adjudication of these allegations.
Thereafter, the Lake Forest Property Owners’ Association (hereinafter “the Association”) was joined as a plaintiff, and the court held an ore tenus proceeding on the matter. At the close of the plaintiffs’ evidence, the circuit court found that Dolan lacked standing and directed a verdict for the City of Daphne as to Dolan's claims. The court, however, found that the Association was the proper plaintiff and denied a directed verdict for the City of Daphne as to the claims of the Association. After hearing all the evidence, the trial court entered an order holding that the signs in question were nonconforming under the ordinance, but that their use was permitted under a grandfather clause of the ordinance.
The City of Daphne appealed to the Court of Civil Appeals, 608 So.2d 1042, which held that the Association had failed to raise the issue of the grandfather clause before the board of adjustment and had not complied with the appeal procedure set out by statute. That court concluded that the Association did not exhaust its administrative remedies before seeking relief in the circuit court, which was, therefore, without jurisdiction to rule in the matter. This Court granted the Association’s petition for the writ of certiorari to determine whether the opinion of the Court of Civil Appeals conflicts with well-established precedent concerning the circuit court’s jurisdiction over zoning matters.
The Court of Civil Appeals properly recognized that any party aggrieved by the decision of a board of adjustment may appeal for a trial de novo in the circuit court, but is required to file notice of such an appeal with the board within 15 days after the board’s decision is final. Ala. Code 1975, § 11-52-81. Failure to observe the 15-day time limit negates the petitioner’s right to appeal under § 11-52-81. The appeal itself is considered an “administrative remedy” in that the trial court may hear only those issues that were properly raised before a board of adjustment and that are included in the transcript of the proceedings. City of Homewood v. Coffee, 400 So.2d 375 (Ala.1981). A plaintiff is required to exhaust this administrative remedy before seeking a trial de novo in the circuit court; however, there are several exceptions to the exhaustion doctrine. City of Gadsden v. Entrekin, 387 So.2d 829 (Ala.1980). The doctrine does not apply when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not mat *1047 ters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is the threat of irreparable injury. City of Gadsden v. Entrekin, supra.
In this case, the Association did raise constitutional issues and issues regarding irreparable injury in its petition for injunctive relief, but it also alleged that the signs were allowable under a grandfather clause in the city ordinance. The circuit court’s ruling was based entirely on the grandfather clause. The court characterized this issue as one that required an administrative finding of fact by the board of adjustment, pursuant to its authority under § ll-52-80(d)(2) to hear and decide special exceptions to the terms of zoning ordinances. Because the issue was raised for the first time before the circuit court, the Court of Civil Appeals concluded that the Association had not properly exhausted its administrative remedies and, thus, that the circuit court lacked jurisdiction to render a judgment as to the grandfather clause.
After reviewing the pertinent portions of the City of Daphne’s Land Use and Development Ordinance, we do not agree with the Court of Civil Appeals that the issue of the grandfather clause should first have been raised before the board of adjustment. The provisions of the ordinance, in pertinent part, read:
“10.72 Non-conforming Signs. Any sign in existence on the date of adoption of this Ordinance that is not in conformance with the requirements of this Ordinance shall be considered a nonconforming sign and shall be permitted to continue to exist subject to the following conditions:
[[Image here]]
“10.775 Schedule of Permitted Sign Requirements.
[[Image here]]
“7). All existing off-premise signs and billboards are hereby grandfathered.”
In its petition to the circuit court, the Association properly argued that the signs were permissible as a matter of law under the ordinance. The Association did not seek review of the board of adjustment’s denial of the variance; indeed, in view of the plain language of the ordinance, such a variance was completely unnecessary. It is undisputed that the signs in question were erected prior to the annexation of Lake Forest to the City of Daphne; thus, they were clearly allowable as a matter of law under Section 10.775(7) of the ordinance. The resolution of this issue did not require an administrative finding of fact or the exercise of administrative discretion, nor was the issue raised as an appeal from the board of adjustment’s denial of the variance. On the contrary, the issue was raised along with constitutional challenges and allegations of irreparable harm, all of which are matters the board of adjustment had no authority to decide. See Ala.Code 1975, § 11-52-80; City of Homewood v. Caffee, supra. The exhaustion of administrative remedies doctrine is thus inapplicable here, and the issue of the grandfather clause was properly raised for the first time before the circuit court.
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.