PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS
This Court has granted the plaintiff Tom Boyette's petition for review of a decision of the Court of Civil Appeals. See Boyette v. Jefferson County, [Ms. 2970307, April 17, 1998] ___ So.2d ___ (Ala.Civ.App. 1998). The petition asserts that the decision of the Court of Civil Appeals conflicts with Ex parte Averyt, 487 So.2d 912 (Ala. 1986), and other cases. The question is whether the Court of Civil Appeals correctly relied on Ex parte Smith, 683 So.2d 431 (Ala. 1996),[1] to affirm a summary judgment for Jefferson County on Boyette's complaint alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), or whether, under Averyt, the summary judgment should have been reversed. May Boyette pursue this action, which is collateral to the proceedings by which his employment with the county was terminated, or is this action barred by a res judicata effect of his failure to raise the ADEA claim in those proceedings?
The Court of Civil Appeals also affirmed the summary judgment on Boyette's claims other than his ADEA claim, and, as to his ADEA claim, affirmed the summary judgment for the defendants other than the county. Boyette's certiorari petition did not seek review of those holdings; those holdings, therefore, are not before us.
We hold that Smith is distinguishable and Averyt is controlling, because Smith relies upon the Alabama Administrative Procedure Act ("AAPA"), specifically § 41-22-20(k)(1), Ala. Code 1975, whereas the proceedings for review of Boyette's termination were governed by § 22 of Act No. 248, 1945 Ala. Acts p. 376, as amended by Act No. 679, 1977 Ala. Acts p. 1176, the provisions of which are analogous to the provisions pertinent to Averyt. Section41-22-20(k)(1) allows a court reviewing an administrative action that is subject to the AAPA to "grant other appropriate relief from the agency action, equitable or legal, . . . if substantial rights of the petitioner have been prejudiced because the agency action is . . .: (1) In violation of constitutional or statutory provisions. . . ." By contrast, the local acts at issue here and in Averyt provide only for limited review of the agency decision. Section 22 of Act No. 248, as amended, states:
 "The decision of the [Jefferson County Personnel] Board based upon all proceedings before the Board shall be final subject to appeal by either party to the Circuit Court to review questions of law and the question of whether or not the decision or order of the Board is supported by the substantial and legal evidence."
(Emphasis added.) This provision for "review" is far short of the broad power in AAPA proceedings for a circuit court to determine whether "the agency action [is in] violation of constitutional or statutory provisions." As the succeeding discussion will show, administrative agencies ordinarily have limited authority to decide allegations of constitutional and statutory violations, and appellate review of agency decisions has been limited to the questions within the agency's authority. Only because the AAPA grants more expansive authority to a court hearing an appeal from an agency decision does Smith disallow a collateral attack raising constitutional and statutory claims that were outside the authority of the administrative agency to decide.
In Averyt, Clyde Averyt had been discharged as a firefighter for the City of Mobile, and the Mobile County Personnel Board *Page 646 
had upheld that discharge. Averyt appealed the Board's ruling to the circuit court and filed a collateral action in the circuit court alleging constitutional violations. The Court of Civil Appeals affirmed the dismissal of the collateral action, Averyt v. Doyle,456 So.2d 1096 (Ala.Civ.App. 1984) (Averyt I), and Averyt, instead of petitioning this Court for certiorari review, proceeded with the administrative appeal, as mandated by the Court of Civil Appeals. However, the circuit court hearing the administrative appeal did not allow Averyt to add his constitutional claims, and that court affirmed the Board's order upholding his discharge. The Court of Civil Appeals affirmed, holding:
 "The circuit court properly confined itself to a review of the issues designated on appeal and examined only the external validity of the proceeding before the Board. . . . Had the court reviewed the constitutional issues raised outside the record, it would have exceeded its jurisdiction.
". . . .
 ". . . There is nothing in the record to indicate why Averyt delayed in bringing the constitutional issues to the attention of the Board, other than his assertion that he did not have enough time before the Board hearing to uncover evidence of his constitutional claims. . . .
 "Given the above, we conclude that the circuit court did not err in refusing to conduct an evidentiary hearing on the constitutional issues, or, in the alternative, in refusing to order the cause remanded to the Board for a full hearing on the constitutional issues."
Averyt v. City of Mobile Fire Dep't, 487 So. 909, 910-11
(Ala.Civ.App. 1985) (Averyt II).
This Court reversed:
 "We begin our analysis of this `Catch 22' situation by observing that this `derailed train' undoubtedly could have been placed back on its `track' if Averyt had petitioned this Court for review of the Court of Civil Appeals' opinion in Averyt I affirming the dismissal of his collateral suit. Instead, he chose to follow, as best he could at that point in the administrative appeal proceeding, the mandate of the Court of Civil Appeals, and was ultimately told that the circuit court's jurisdiction in the instant direct appeal could not be enlarged to embrace issues not within the purview of the Board from whose ruling the appeal was taken.
 "Understandably, Petitioner now seeks relief from this Court, with the fervent plea that, in spite of his multiple, alternative efforts, he is yet to be heard on the merits of his constitutional claim. We agree and reverse the Court of Civil Appeals' judgment and remand this cause with instructions.
 "In so holding, we acknowledge that we are invoking the supervisory powers of this Court in order to prevent a possible miscarriage of justice. This is not to say that we have made any determination or express any opinion on the ultimate merits of Petitioner's alleged constitutional issues. What we are saying is that, by attempting to follow the mandate of Averyt I, affirming the dismissal of his collateral suit, Petitioner found himself procedurally trapped and thus denied the right to be heard — a holding affirmed by the Court of Civil Appeals in Averyt II.
 "We further acknowledge, as we suggested earlier, that, if Averyt had petitioned this Court for review in Averyt I this procedural dilemma could have been avoided. We say this without any degree of equivocation because of the settled proposition that Averyt's collateral suit was not only proper, but it was the only avenue available for his presentation of the constitutional issues raised therein. Indeed, the Court of Civil Appeals in Averyt II (the instant case) correctly observed that `[t]he standard of review in the circuit court [on appeal from the Personnel Board] is in effect that of certiorari, and is limited to a review of the record made before the Board and the legal questions presented thereby,' citing City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App. 1985).
 "Shortly thereafter, however, the opinion states, `Averyt concedes that he did not present the constitutional issues before the Board.' Thus, the Court of Civil Appeals incorrectly concluded that his failure to *Page 647 
raise the constitutional issues before the Board barred consideration of such issues by the circuit court on appeal. To be sure, the circuit court's consideration of the constitutional issues was barred, but for the more fundamental reason that its jurisdiction is limited to a consideration of issues properly raised and made of record before the Board, and those do not include constitutional issues. In other words, only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could Averyt's constitutional challenges be raised and presented for determination.
 "This precise issue was addressed in City of Homewood v. Caffee, 400 So.2d 375 (Ala. 1981), where the Court said: `Thus, if [petitioner] has valid claims not cognizable before the [administrative board], he will likewise be precluded from litigating those claims to the circuit court on appeal pursuant to [the authorizing statute].'"
Ex parte Averyt, 487 So.2d 912, 913-14 (Ala. 1986) (some emphasis original; other emphasis added) (brackets original).
In City of Homewood v. Caffee, 400 So.2d 375 (Ala. 1981), this Court affirmed a judgment holding unconstitutional a zoning ordinance as applied to the facts at issue. The Court rejected the city's argument that the collateral action was barred by the pendency of the appeal from the order of the Board of Zoning Adjustments denying Caffee's request for a variance. "[B]ecause the Board of Zoning Adjustments was without authority to consider any constitutional attack on the Homewood ordinance, Caffee's constitutional challenge to that ordinance in the circuit court was not precluded by the City's claims of `identical issues' in both proceedings." 400 So.2d at 378.
The Court of Civil Appeals has cited Ex parte Averyt and Caffee in upholding an order affirming the dismissal of a police-department employee:
 "On appeal, Joyner asserts that the Board's rules as applied to him deprived him of due process and equal protection under the law as provided by the fourteenth amendment to the Constitution of the United States. These constitutional questions were not presented to the Board or to the circuit court for consideration. In its review of the Board's decision the circuit court's jurisdiction was limited to a consideration of the issues properly raised and made of record before the Board. Those issues, correctly so, did not include constitutional questions."
Joyner v. City of Bayou La Batre, 572 So.2d 492, 493
(Ala.Civ.App. 1990), citing Caffee and Ex parte Averyt.
Similarly, the Court of Civil Appeals has cited Ex parte Averyt and Caffee as stating an exception to the doctrine of exhaustion of administrative remedies. Hamilton v. City of Fairhope, [Ms. 2970785, June 26, 1998] ___ So.2d ___ (Ala.Civ.App. 1998); City of Daphne v. Dolan, 603 So.2d 1042
(Ala.Civ.App. 1991), reversed sub nom. Ex parte Lake Forest Property Owners' Ass'n, 603 So.2d 1045 (Ala. 1992).
In City of Daphne, supra, the Court of Civil Appeals held that the circuit court had improperly ruled on a matter that could have been, but was not, raised in the administrative proceedings, but this Court reversed. The question was whether some signs in a subdivision should be allowed to remain under a grandfather clause in a city ordinance; this Court deemed the interpretation of the ordinance to be a question of law and therefore concluded that it "did not require an administrative finding of fact or the exercise of administrative discretion." Ex parte Lake Forest Property Owners' Ass'n, 603 So.2d at 1047. This Court cited Caffee and City of Gadsden v. Entrekin, 387 So.2d 829 (Ala. 1980), as authority for the statement that the doctrine of exhaustion of administrative remedies
 "does not apply when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is the threat of irreparable injury."
Ex parte Lake Forest Property Owners' Ass'n, supra, 603 So.2d at 1046-47. *Page 648 
In Docena Fire District v. Rucker, 564 So.2d 422 (Ala. 1990), this Court held that an appeal from the probate court to the circuit court did not give the circuit court jurisdiction to consider constitutional questions that the probate court did not have jurisdiction to adjudicate. "Docena Fire District could have invoked the general jurisdiction of the circuit court by way of a collateral suit to properly raise its constitutional challenges. Wallace v. State, [infra]; and Ex parte Averyt, supra." 564 So.2d at 425. In Wallace v. State, 507 So.2d 466 (Ala. 1987), the Court dismissed an appeal from a probate court by which the appellants sought to challenge the constitutionality of a portion of the statute that gave the probate court jurisdiction to hear the appellants' petition to incorporate a municipality. Although these cases arise from probate court proceedings, not administrative proceedings, they follow the holdings from Caffee and Averyt and stand for the general proposition that a circuit court has general jurisdiction to entertain a collateral attack on a ruling by a court or a quasi-judicial body with limited jurisdiction, when the attack raises questions that were outside that limited jurisdiction.
All of these authorities support Boyette's position that his ADEA claim was not within the competence of the Board and therefore was not within the jurisdiction of the circuit court to which he appealed pursuant to Section 22 of Act 248, as amended. This conclusion is reinforced by the fact that the Personnel Board refused to hear any claims of discrimination. During his opening statement at the hearing before the Board, Boyette's counsel stated:
 "Now what the Board has said [is] that they would not consider that there was some discrimination and personal bias against him which caused him to be selected. If you're not going to consider that, we would object to it, but that would be, of course, your call."
From this statement it appears that the Board had acknowledged that it could not hear a discrimination claim such as the ADEA claim that Boyette is now trying to pursue.
We now turn to Ex parte Smith, 683 So.2d 431 (Ala. 1996), to determine whether it compels a contrary conclusion. We note first that this Court, in deciding Smith, did not cite Ex parte Averyt, City of Homewood v. Caffee, or any of the other cases discussed above. The Court of Civil Appeals, in Smith v. Alabama Aviation 
Technical College, 683 So.2d 426 (Ala.Civ.App. 1995), had distinguished Ex parte Averyt with only the following statement:
 "Smith also argues that his claims are not precluded, because of Ex parte Averyt, 487 So.2d 912
(Ala. 1986). We find Ex parte Averyt inapplicable to Smith's argument because in Ex parte Averyt the employee did not raise his federal claims in the administrative proceeding before the personnel board. That is not the case here."
683 So.2d at 431. However, this Court in Ex parte Averyt had said that the federal claims were "not within the purview of the Board," 487 So.2d at 913, and that the collateral action "was the only avenue available for his presentation of the constitutional issues raised therein." Id. (emphasis original). Ex parte Averyt is not distinguishable from Smith on the ground that Averyt did not raise his collateral issues in the administrative proceedings but Smith did: according to Ex parte Averyt and the other cases above, the Board would not have had the authority to decide the ADEA claim even if Boyette had raised it, and the circuit court would therefore not have had jurisdiction to consider that question in its review of the Board's action.
Alton Wayne Smith was a professor of avionics at the Alabama Aviation and Technical College, a state institution. Smith sought review of his termination, pursuant to regulations of the State Board of Education, and received a hearing before an employee review panel. These proceedings occurred before state agencies, pursuant to state statutes, e.g., § 16-60-110 et seq. and §36-26-105, Ala. Code 1975. Smith's right of appeal from the decision of the employee review panel was provided for and governed by the AAPA, specifically § 41-22-20. The Court of Civil Appeals affirmed a summary judgment *Page 649 
for the defendants in Smith's collateral action. This Court affirmed, relying on the provision in § 41-22-20(k)(1) that allows a reviewing court to grant relief if the agency action violated constitutional or statutory rights:
 "We agree with Smith's argument that the review panel could not adequately determine the constitutional issues presented to it and that there has been no showing that the panel did apply the required test. His § 1983 claims are nevertheless barred, because he had a right to appeal the ruling of the review panel to the appropriate circuit court, under § 41-22-20(k)(1), Ala. Code 1975, but did not do so.
 ". . . A reviewing court `may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief' if it finds that `substantial rights of the petitioner have been prejudiced because the agency action is . . . [i]n violation of constitutional or statutory provisions.' § 41-22-20(k), Ala. Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.
". . . .
 ". . . His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him."
Ex parte Smith, 683 So.2d at 435-36.
In making this holding, the Court did not overrule Ex parte Averyt, Caffee, the other cases cited above, and other similar cases. Those cases can be reconciled with Smith only on the ground that § 41-22-20(k)(1) gives a reviewing court broader jurisdiction to grant relief than it usually has in appeals from administrative decisions. We therefore expressly hold that Smith is limited to situations governed by the AAPA.
Boyette's appeal from the ruling of the Personnel Board of Jefferson County was provided for and was governed by § 22 of Act No. 248, 1945 Ala. Acts p. 376, as amended by Act No. 679, 1977 Ala. Acts p. 1176. It was not governed by the AAPA. Because § 22 does not give the broad power to grant relief that § 41-22-20(k)(1) gives, the principle of Smith is inapplicable here. Instead, the principles of Ex parte Averyt and the other cases discussed above are applicable, and Boyette's collateral action is "not only proper, but . . . the only avenue available" for him to raise his ADEA claim. Ex parte Averyt, 487 So.2d at 913 (emphasis original). Therefore, the circuit court erred in entering the summary judgment on that claim, and the affirmance by the Court of Civil Appeals conflicts with Ex parte Averyt, 487 So.2d 912 (Ala. 1986). Insofar as it relates to Boyette's ADEA claim against Jefferson County, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Almon, Shores, Kennedy, Cook, and Lyons, JJ., concur.
Maddox and See, JJ., concur in the result.
[1] Cert. denied, Smith v. Alabama Aviation Tech. College, ___ U.S. ___, 117 S.Ct. 1426, 137 L.Ed.2d 536 (1997).