YATES, Presiding Judge.
This is an employee-dismissal case. Michael S. Reebals was terminated from his job as a police officer with the City of Homewood for violating the Homewood Police Department Standards and Procedures, the Homewood Police Department General Orders, and the Jefferson County Personnel Board Rules and Regulations when making an arrest on July 1, 2000. The charges were related primarily to the use of excessive force in effectuating the arrest and conduct unbecoming a police officer.
Reebals appealed his termination to the Jefferson County Personnel Board; after a formal hearing, the board affirmed the City of Homewood’s determination. Ree-bals then appealed to the Jefferson Circuit Court. As required by law, a three-judge panel was appointed to review the board’s decision. Act. No. 248, § 22, 1945 Ala. Acts, as that section was amended by Act. No. 679, 1977 Ala. Acts, and by Act. No. 684, 1977 Ala. Acts,[1] (establishing a county-wide civil-service system for Jefferson County). The three-judge panel did not address the evidence before the personnel board, because it determined that the proceedings before the board had been tainted by a conflict of interest. Accordingly, the three-judge panel ordered that Ree-bals be afforded a new hearing before the personnel board.
The City petitioned this court for certio-rari review of the three-judge panel’s decision. The issue before this court is whether the three-judge panel had jurisdiction to address Reebals’s conflict-of-interest claim.
Attorneys Michael Kendrick and Victoria Franklin-Sisson, of Gorham & Wal- *1040 drep, P.C., represented the City of Home-wood at the hearing before the personnel board. The personnel board is also represented by Gorham & Waldrep. However, no one from the firm notified Reebals of the conflict. Instead, before the three-judge panel was appointed, Michelle Obra-davic, an attorney with Gorham & Wal-drep, notified the court that there was a conflict of interest and that another law firm would represent the personnel board in the proceedings. In his appeal to the three-judge panel, Reebals argued that he was denied due process of law, because the law firm representing the City was also the law firm that represented the personnel board and, therefore, he argued, a conflict of interest arose.
Section 22, as amended, provides that the decision of the personnel board “shall be final subject to appeal by either party to the Circuit Court to review questions of law and the question of whether or not the decision or order of the Board is supported by the substantial and legal evidence.” (Emphasis added.)
In Ex parte Averyt, 487 So.2d 912 (Ala.1986), a firefighter appealed to the circuit court after his termination was upheld by the county personnel board, which had been established pursuant to an act creating a civil-service system for Mobile County. While that action was pending, he filed a collateral action, alleging certain constitutional violations arising out of the same operative facts, and then moved for the consolidation of the two cases. The trial court dismissed the collateral action. The firefighter appealed; this court affirmed the dismissal of the collateral action, holding that because the constitutional issues were not presented to and addressed by the personnel board, those issues could not be raised by a collateral action. Our supreme court held that this court incorrectly concluded that the firefighter’s failure to raise the constitutional issues before the personnel board barred appellate consideration. Although that court held that the circuit court’s consideration of the constitutional issue was barred, it was not barred for the firefighter’s failure to raise the issue, but because the personnel board did not have the authority to address constitutional issues. “In other words, only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could [the firefighterj’s constitutional challenges be raised and presented for determination.” 487 So.2d at 914.
In Ex parte Smith, 683 So.2d 431 (Ala.1996), a professor at a trade school, a state institution, sought review of his termination. Those proceedings were held before the trade school and the state-employee-review panel. In the proceedings before the review panel, the professor argued that he had been fired for exercising his right to free speech. The review panel did not address the constitutional claim, but affirmed the termination. The professor’s right of appeal was governed by the Alabama Administrative Procedure Act (“AAPA”), § 41-22-20 et seq., Ala.Code 1975 which provided for review in the circuit court. However, he did not appeal. Instead, the professor filed a collateral action, raising, among other things, his right to free speech. The supreme court held that although the review panel could not have addressed the constitutional issue, the circuit court, on appeal from the review panel, had jurisdiction to address the constitutional issue. Therefore, the professor’s failure to appeal from the review panel’s decision waived any right to relitigate that issue.
In Ex parte Boyette, 728 So.2d 644 (Ala.1998), a county employee filed a claim against the county, alleging age-based employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (“ADEA”). This *1041 court affirmed the trial court’s summary judgment in favor of the county. The supreme court reversed, holding that the employee could pursue his ADEA action, which was collateral to the proceedings brought under § 22 of Act No. 248, as amended, pursuant to which his employment was terminated. A collateral action was the only avenue available by which the employee could present his ADEA claim, because the personnel board did not have the authority to decide the ADEA claim, even if the employee had raised it during his termination proceedings. The court discussed Ex parte Averyt, supra, and Ex parte Smith, supra, holding that those cases were not inconsistent, because § 41-22-20 of the AAPA, which was involved in Smith, gives the reviewing court broader jurisdiction than it usually has in appeals from an administrative decision, such as in Averyt. The court further held that § 22 of Act 248, as amended, does not grant the broad power of relief that § 41-22-20, gives and that, therefore, the circuit court reviewing the employee’s termination hearing would not have had the authority to address the ADEA claim.
Reebals cites Stallworth v. City of Evergreen, 680 So.2d 229 (Ala.1996), in support of his argument that a conflict of interest is a question of law that can be addressed by the panel. In Stallworth, a city employee sued the city and certain city officials, arguing that the termination of his employment was invalid. The trial court entered a judgment for the defendants. The supreme court reversed, holding that the due-process rights of the employee were violated by a pretermination hearing in which the city administrator and the mayor served as hearing officers in the case where each of them had testified as a witness. The court further held that the posttermination hearing held before the employee-review panel did not cure the earlier violation of the employee’s rights to an unbiased, impartial decision-maker. Stallworth is distinguishable from the present case, because the city employee had filed a declaratory-judgment action, a collateral action, in order to have his due-process claims reviewed.
Reebals also cites Zuck v. Alabama, 588 F.2d 436 (5th Cir.1979). In Zuck, the law firm that represented the defendant in his murder trial also represented, in an unrelated civil matter, the prosecutor who tried the defendant. The judge, prosecutor, and attorneys knew of the dual representation, but no one informed the defendant. The State argued that no conflict of interest existed, because the real party in interest was the people of the State of Alabama and the prosecutor’s only interest was in achieving justice, not in convicting the defendant. The court rejected that argument, holding that an actual conflict existed, and stating:
“Determining whether a particular attorney has yielded to the temptation a conflict presents requires a searching analysis of his performance at trial. A cold, dispassionate appellate transcript simply cannot provide an adequate basis for assessing such a performance, for subtle variations in demeanor and depth of cross-examination cannot be reflected in the pages of a transcript. For this reason, the mere existence of a temptation in the abstract is sufficient to preclude duality of representation.”
588 F.2d at 440.
Zuck is distinguishable from this case, however, because it involved a habeas corpus petition alleging a conflict of interest filed in a federal court after the defendant had exhausted his state appellate rights. In the present case, the three-judge panel did not have the jurisdiction pursuant to § 22 to address Reebals’s conflict-of-interest claim based on Ex parte Boyette.
Based on the foregoing, the judgment of the three-judge panel is reversed *1042 and the. case is remanded for the three-judge panel to address whether there was substantial and legal evidence to support Reebals’s termination. In order for Ree-bals to raise his conflict-of-interest claim, he must file a collateral action in accordance with Ex parte Boyette.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. The Legislature apparently amended § 22 of Act No. 248 twice during the 1977 Regular Session. Act No. 679 amended only § 22; Act No. 684 amended several sections of Act No. 248, including § 22. The provisions of § 22 at issue in this appeal are exactly the same.